752 F.2d 333
 36 Fair Empl.Prac.Cas. 1253,
35 Empl. Prac. Dec. P 34,917
Kathy SEDLACEK, Appellant,
v.
Marjorie HACH and Robert Hach, Partners in American Storage
Company, a Partnership; American Storage Company,
a Partnership, and Hach Brothers
Company, Inc., Appellees.
 No. 84-1224.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1984.
Decided Jan. 14, 1985.
 
 Philip Mears, Iowa City, Iowa, for appellant.
 Susan Elizabeth Rees, E.E.O.C., Washington, D.C., for amicus curiae.
 Mary Hoefer, Cedar Rapids, Iowa, for appellee.
 Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Kathy Sedlacek appeals from the district court's dismissal of her complaint brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. In her complaint, Sedlacek charged the defendants, Marjorie and Robert Hach, American Storage Company (American), a partnership, and Hach Brothers Company, Inc., (Hach Brothers) with discriminating against her on the basis of sex. The district court dismissed the complaint, holding that it lacked subject matter jurisdiction because the Equal Employment Opportunity Commission ("EEOC" or "Commission") had not yet investigated or attempted to conciliate Sedlacek's claim. We reverse the district court's order of dismissal, and remand to the district court for a hearing on the merits of Sedlacek's claim.
 
 
 2
 Plaintiff Sedlacek was employed as an office manager by American from May 1974[1] until January 26, 1981 when she went on maternity leave. She alleges that from March 5, 1981 on, she was denied her request for reinstatement. Sedlacek filed timely administrative complaints with the Cedar Rapids Civil Rights Commission, the Iowa Civil Rights Commission, and the EEOC, alleging sex discrimination. The complaints named American as Sedlacek's employer, but referred to American's subsidiary relationship with Hach Brothers. Each of these agencies dismissed her complaint without investigating the merits, because they determined that American employed fewer than the fifteen employees required for them to assume jurisdiction. The EEOC also issued Sedlacek a right-to-sue notice.
 
 
 3
 On March 1, 1983, Ms. Sedlacek filed this action in federal district court against American, Hach Brothers, and Marjorie and Robert Hach. In the complaint Sedlacek alleged that American and Hach Brothers should be considered a single employer, and that as such they employed sufficient employees to satisfy the jurisdictional requirements of Title VII. The defendants moved to dismiss the action, asserting that American and Hach Brothers were not interrelated, that Sedlacek had neither filed a charge with the EEOC naming Hach Brothers as a defendant nor exhausted her administrative remedies, and that the district court thus lacked jurisdiction over the case.
 
 
 4
 The district court granted the defendants' motion to dismiss. In its order, the court agreed with Sedlacek that American and Hach Brothers were properly considered a single employer, noting that the companies shared employees, management, equipment, location, and employee benefit programs, and were both almost entirely owned by defendants Robert and Marjorie Hach. The court thus concluded that the minimum employee requirement of 42 U.S.C. Sec. 2000e(b) was satisfied, and that Hach Brothers and the Hachs received sufficient notice of Sedlacek's complaint in the charge filed with the EEOC against American. Because the EEOC had not investigated or attempted to conciliate Sedlacek's claims, however, the district court determined that it lacked subject matter jurisdiction to hear the complaint.
 
 
 5
 When Sedlacek asked the EEOC to reopen the case she was informed that it could not voluntarily do so because the file had been destroyed under the Federal Records Disposition Act. Plaintiff Sedlacek's request to the district court that it order the EEOC to reopen the case or, alternatively, that the court set aside its order of dismissal, was denied. Sedlacek now appeals to this court, asking that the dismissal be set aside so that she may finally have a hearing on the merits in federal court. We agree that Sedlacek is entitled to present her case in court and reverse the district court's order of dismissal.
 
 
 6
 Sedlacek argues that the district court erred in holding that investigation and attempted conciliation by the Commission is a jurisdictional prerequisite to a private complainant's Title VII lawsuit in federal court. We agree. The Supreme Court has held that the only jurisdictional prerequisites to a federal action under Title VII are (1) timely filing charges of employment discrimination with the Commission and (2) receiving and acting upon the Commission's statutory notice of the right to sue. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Sedlacek met these conditions when she filed her charge with the Commission in May 1981, and received a right-to-sue notice from the Commission in August 1982. Further, courts have repeatedly stated that attempted conciliation by the Commission is neither a jurisdictional prerequisite nor a condition precedent to judicial review of the Commission's determination of a Title VII action. See, e.g., Shehadeh v. Chesapeake & Potomac Telephone Co., 595 F.2d 711, 727 (D.C.Cir.1978); Hicks v. Abt Associates, Inc., 572 F.2d 960, 966 (3rd Cir.1978)[2]; Waters v. Heublein, Inc., 547 F.2d 466, 468 (9th Cir.1976), cert. denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977); Gamble v. Birmingham Southern Railroad Co., 514 F.2d 678, 688 (5th Cir.1975); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7th Cir.1968). The Commission's erroneous conclusion that it had no jurisdiction over Sedlacek's claim, and its failure to check into Sedlacek's statement in her charge that American and Hach Brothers had a subsidiary relationship were beyond her control. The action or inaction of the EEOC and its failure to attempt conciliation cannot affect a complainant's substantive rights under Title VII. Miller v. International Paper Co., 408 F.2d 283, 291 (5th Cir.1969). See also Tuft v. McDonnell Douglas Corp., 517 F.2d 1301, 1310 (8th Cir.1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976); Marchwinski v. Oliver Tyrone Corp., 461 F.Supp. 160, 167 (W.D.Pa.1978).
 
 
 7
 Defendants argue that the district court was correct in finding that it had no jurisdiction over Sedlacek's complaint. Because Sedlacek's charge filed with the EEOC named only American as the discriminating party, defendants argue that she cannot now name Hach Brothers as a defendant in federal court.
 
 
 8
 As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII. See, e.g., EEOC v. McLean Trucking Co., 525 F.2d 1007, 1011 (6th Cir.1975); Evans v. Sheraton Park Hotel, 503 F.2d 177, 181 (D.C.Cir.1974); Williams v. General Foods Corp., 492 F.2d 399, 404 (7th Cir.1974). Exceptions to this rule have been recognized, however, when "substantial identity" exists between the parties before the EEOC and the trial court. See Chastang v. Flynn and Emrich Co., 365 F.Supp. 957, 964 (D.Md.1973) aff'd on this point, 541 F.2d 1040 (4th Cir.1976); Hawkins v. Allis-Chalmers Corp., 527 F.Supp. 895, 897 n. 1 (W.D.Mo.1981). See also Stevenson v. International Paper Co., 432 F.Supp. 390, 395, 397-98 (W.D.La.1977) (noting exception when parties are "engaged in close legal relationship"); EEOC v. Upjohn Corp., 445 F.Supp. 635, 638 (N.D.Ga.1977) (noting exception when corporate parties are so closely related in their activities and management as to constitute an integrated enterprise). The district court held, and defendants conceded at oral argument, that American and Hach Brothers are a "single employer" for jurisdictional purposes of Title VII. The court reached this conclusion due to the common management and ownership of the defendants, and further held that there was thus "substantial identity" between the defendants. We hold that because of the substantial identity between the defendants, Sedlacek's failure to name Hach Brothers in the EEOC charge does not deprive the district court of jurisdiction. Aggrieved complainants should not be charged with the knowledge of the ofttimes intricate legal corporate relationships between closely held operating units.
 
 
 9
 Defendants argue that the "substantial identity" exception should not apply to them for two reasons. First, defendants argue that Hach Brothers had no notice of the EEOC charge. The district court specifically found, however, that because of the substantial identity between the defendants, the charge against American sufficiently apprised Hach Brothers of Sedlacek's complaint. Because American and Hach Brothers constitute a single employer, notice to one was notice to the other. Defendants misconstrue the concept of "single employer" when they argue that the tests for jurisdiction and for notice to the parties are different. When the district court held that American and Hach Brothers constituted a single employer, it determined that Robert and Marjorie Hach, the two partners in American, were also the primary owners and managers of Hach Brothers. The Title VII notice requirement is satisfied if a party "sought to be included as a defendant knew or should have known that his conduct might be the subject of the inquiry at issue." Hanshaw v. Delaware Technical & Community College, 405 F.Supp. 292, 296 (D.Del.1975). See also Escamilla v. Mosher Steel Co., 386 F.Supp. 101, 105 (S.D.Tex.1975) (through its wholly owned subsidiary, parent corporation had or should have had notice of the EEOC charges). As the two partners in American, Robert and Marjorie Hach received notice of Sedlacek's claim before the EEOC and either knew or should have known that the interrelation between American and Hach Brothers would cause the latter to be implicated as well.
 
 
 10
 Defendants next argue that the "substantial identity" exception should not apply to them because Sedlacek's failure to name Hach Brothers in her EEOC charge "deprived all defendants of the opportunity to participate in the administrative investigation and conciliation process." Defendants are correct in noting that voluntary compliance is an important policy promoted by Title VII. Defendants in Title VII actions, however, do not have a right under the statute to conciliation attempts by the Commission. See Hicks v. Abt Associates, Inc., 572 F.2d at 966; Gamble v. Birmingham Southern Railroad Co., 514 F.2d at 688. Although defendants concede they have no "absolute right" to conciliation, their argument focuses on the detriment to them should the district court be allowed to assume jurisdiction over Sedlacek's complaint absent any investigation or conciliation attempts by the Commission. As the Fifth Circuit stated in Miller v. International Paper, "The essence of their position is that ... their right to be importuned and cajoled cannot be infringed by the charging party's right to judicial relief. .... There is no provision in Title VII permitting discrimination until cajolery is duly and fully performed." 408 F.2d at 290. The promotion of voluntary compliance cannot take precedence over the charging party's right to a forum for her grievances. Defendants always have the option of pursuing a voluntary agreement with the plaintiff, without the aid of the Commission.
 
 
 11
 Title VII is a remedial statute intended to eliminate the inconvenience, unfairness, and humility of discrimination. Baker v. Stuart Broadcasting Co., 560 F.2d 389, 391 (8th Cir.1977); Parham v. Southwestern Bell Tel. Co., 433 F.2d 421, 425 (8th Cir.1970). Consistent with the basic purpose of Title VII, we think Sedlacek, having done all that is required of her under Title VII, should finally have her day in court. We therefore reverse the district court's order of dismissal and remand for a hearing on the merits.
 
 
 12
 Costs assessed against appellees.
 
 
 
 [1]
 In her charge to the EEOC Sedlacek states her employment began in August 1979. In her brief to this court and in her complaint filed with the district court, however, she lists the date as 1974. The discrepancy has no bearing on the issue presented in this appeal
 
 
 [2]
 As appropriately noted in Hicks: "the defendant asks the court to penalize a plaintiff for the possible misconduct of the EEOC. If the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred from his statutory right to a civil action. .... [T]he purpose of the filing requirement is to allow the EEOC to settle a complaint informally. Defendant does not have a right under the statute to conciliation attempts by the agency. A civil suit will lie even where the EEOC has failed to give defendant notice of the charge or has failed to attempt to reconcile the parties either because of administrative failure or because of its finding of no reasonable cause. See, e.g., Gamble v. Birmingham Southern Railway Co., 514 F.2d at 688-89."