Pamela E. LONG, Plaintiff–Appellant,

v.

RINGLING BROS.–BARNUM & BAILEY COMBINED SHOWS, INCORPORATED, Defendant–Appellee.

Equal Employment Opportunity Commission, Amicus Curiae.

No. 92–2336.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1993.

Decided Nov. 9, 1993.

Mindy Gae Farber, argued (Chet D. Levitt, on brief), Jacobs, Jacobs & Farber, Rockville, MD, for plaintiff-appellant.

Karen Marie Moran, Office of Gen. Counsel, argued (Donald Livingston, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, and Vincent J. Blackwood, Asst. Gen. Counsel, on brief), E.E.O.C., Washington, DC, for amicus curiae.

Jeanne Marie Phelan, argued (Robert S. Hillman, on brief), Whiteford, Taylor & Preston, Baltimore, MD, for defendant-appellee.

Before MURNAGHAN and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

BUTZNER, Senior Circuit Judge:

Pamela Long appeals a summary judgment in favor of Ringling Brothers and Barnum & Bailey Circus on her claim for sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. At issue is whether a claimant can maintain a civil action against a private employer after conciliation efforts have failed because the claimant believed that the proposed conciliation agreement did not offer full relief. We reverse the judgment of the district court and remand the case for *de novo* consideration of the merits of Long's claim.

## I

The facts, taken in the light most favorable to Long, show that she applied to a personnel recruitment agency for a road controller position with Ringling tours in Japan and Singapore. The job order described the position as follows:

JAPANESE ENTERTAINMENT IS SEARCHING FOR A ROAD CONTROLLER TO WORK IN JAPAN

Interested must be fluent in Japanese and have a full knowledge of accounting (A/P, A/R, journal entry, etc.)

The job is 90% travel throughout Japan. Other duties include doing heavy general ledger through financial statements, doing PC work, and constant interfacing with the home office.

The salary is about $30,000, and benefits include free board, free use of a rental car, and paid travel expenses. You will also be in a low tax bracket.

Ringling told the agency that it wanted to hire a male and that the most important criteria were a willingness to travel and fluency in Japanese.

Long was qualified for the position. She spoke Japanese fluently and had an M.A. in business administration and more than 12 years of accounting experience. Despite the fact that the agency forwarded Long's resume to Ringling on two separate occasions, Ringling refused to interview her. It ultimately hired a male from within the company. He acknowledged that his ability to speak Japanese would rate only as a 2 on an ascending scale of 1 to 10.

Long timely filed her complaint with the Equal Employment Opportunity Commission. Almost two years later, the Commission issued its determination that there was reason to believe that Ringling had violated Title VII. The parties then began the conciliation process. *See* 29 C.F.R. § 1601.20 (1992). The initial conciliation agreement the Commission drafted offered Long back pay plus interest, the bonus paid to the successful applicant, the value of the lodging and rental car furnished him, and $5,000 in attorney's fees. Ringling objected to paying the hotel and rental car benefits but agreed to the other terms of the offer. The Commission in its notice to Long explained that Ringling's offer would constitute "full restitution" and that she had 14 days to submit proof of her income and attorney's fees. It warned that her refusal to comply would result in dismiss-

al of her case for "failure to accept full relief."

Long rejected the offer on the ground that it did not constitute full relief, and she sent a counteroffer to the Commission's representative. Thirty days later, the Commission issued Long a notice of right to sue. *See* 29 C.F.R. §§ 1601.18(d) (dismissal at administrative level) & § 1601.28(b)(3) (right to sue after dismissal).

Long timely filed her complaint in federal court, seeking back pay, the value of hotel, rental car, and travel benefits, and attorney's fees. She also sought the value of health and life insurance premiums which Ringling paid the man who got the job. She subsequently moved to amend her complaint to request punitive and compensatory damages under the Civil Rights Reauthorization Act of 1991, 42 U.S.C. § 1981a (1981 & Supp.1993).

Ringling then moved for dismissal of Long's complaint or, in the alternative, for summary judgment on the grounds that Long's failure to accept its offer of full relief during conciliation barred her from filing suit in federal court. The district court stayed Long's action to give her an opportunity to ask the Commission to reopen the conciliation process. The Commission, however, declined to reopen because Long had rejected Ringling's offer. The district court concluded that Long was not entitled to any of the fringe benefits she claimed. It awarded Ringling summary judgment on the ground that Long's rejection of the offer of full restitution precluded her federal suit. The district court later refused to reconsider its judgment and declined to award Long the relief Ringling offered in the administrative proceeding.

## II

■ Long satisfied the jurisdictional prerequisites for Title VII "(i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e–5(a) and 2000e–5(e)." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Title VII

"specifies with precision" these two prerequisites. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). They are the only prerequisites a claimant must satisfy. *Sedlacek v. Hach,* 752 F.2d 333, 335 (8th Cir.1985).

■ A claimant is entitled to a trial *de novo* in the district court. *Alexander,* 415 U.S. at 38 and 60, 94 S.Ct. at 1015 and 1025. Even the Commission's failure to make a finding of reasonable cause is not a bar to judicial relief.

■ *McDonnell Douglas,* 411 U.S. at 798, 93 S.Ct. at 1822. Prior arbitration of the claimant's grievance does not foreclose trial *de novo* in the district court. *Alexander,* 415 U.S. at 47, 94 S.Ct. at 1019. Neither the Commission's failure to attempt conciliation nor an aborted conciliation agreement can bar a claimant's resort to the district court. *Sedlacek,* 752 F.2d at 335 (no attempt); *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093–94 (4th Cir.1982) (unexecuted agreement).

■ The Commission cannot adjudicate a claim. *Alexander,* 415 U.S. at 44, 94 S.Ct. at 1017–18. It did not assume the authority to adjudicate Long's claim. Instead, when it became apparent that Long would not accept Ringling's offer, the Commission issued a right-to-sue notice as authorized by 29 C.F.R. §§ 1601.18(d) & 1601.28(b)(3). By submitting her claim to the Commission and acting on the right-to-sue notice, Long satisfied all of the prerequisites for her Title VII action.

Ringling insists, however, that the district court properly dismissed Long's action because she refused to accept the full relief it tendered during the Commission's conciliation efforts. Ringling relies primarily upon *Wrenn v. Secretary, Dept. of Veterans Affairs,* 918 F.2d 1073 (2d Cir.1990).

*Wrenn* involved the claim of an unsuccessful applicant for federal employment who charged discrimination in the hiring process. The defending government agency had offered during the administrative process what the district court subsequently determined was full relief. *See* 918 F.2d at 1076. The court of appeals held that the applicant was

required to exhaust his administrative remedies, and his failure to do so precluded suit in district court. 918 F.2d at 1078.

■ As the Commission explained in its amicus brief, the difference between the claimant in *Wrenn* and Long is readily apparent. Long was not obliged to exhaust administrative remedies before bringing an action against a private employer. She was required only to satisfy two statutory prerequisites—complaint to the Commission and timely action on the right-to-sue notice. She then became entitled to *de novo* resolution of her claim in district court. *Alexander,* 415 U.S. at 38 and 60, 94 S.Ct. at 1015 and 1025; *McDonnell Douglas,* 411 U.S. at 798, 93 S.Ct. at 1822. In contrast, a federal employee must exhaust his administrative remedies before bringing an action in district court. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.281. Ringling's reliance on *Wrenn* is misplaced.

■ A private employer, such as Ringling, is not left wholly without relief when it makes an offer in administrative proceedings which the Commission recognizes as full relief. If the claimant rejects the conciliation offer and subsequently brings suit, the employer can serve on the claimant an offer of judgment. If the claimant rejects this offer but subsequently obtains a judgment less favorable than the offer, Fed.R.Civ.P. 68 affords the employer substantial relief in the amount of costs and attorney fees incurred after the offer. *See Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); 42 U.S.C. § 2000e–5(k).

### III

The record discloses that Ringling paid the man who got the job $230.77 every two weeks for such expenses as meals, laundry, and valet service. It also paid life and health insurance in the amount of $99.70 per month. Ringling claims that a local promoter paid the controller's hotel and rental car expenses. It did not disclose what arrangements it had, if any, with the local promoter for the ultimate direct or indirect responsibility for these expenses.

The district court found that Long was "not entitled to fringe benefits as part of full relief," including the value of health and life insurance benefits.

■ Under Title VII a prevailing plaintiff is entitled to "make whole" relief. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 763, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976). This may include the value of fringe benefits. *See, e.g., Crabtree v. Baptist Hosp.,* 749 F.2d 1501, 1502 (11th Cir.1985) (executive retirement benefits); *Kolb v. Goldring, Inc.,* 694 F.2d 869, 873–74 (1st Cir.1982) (ADEA, part of expense account provided to employee for discretionary use); *Walker v. Ford Motor Co.,* 684 F.2d 1355, 1364 (11th Cir.1982) (dicta).

Ringling's reliance on *Abrams v. Baylor College of Medicine,* 581 F.Supp. 1570 (S.D.Tex.1984), is misplaced. *Abrams* involved discrimination against Jewish physicians whom Baylor declined to send to Saudi Arabia as members of teams that rotated every three months to work in the King Faisal Hospital. The court awarded the two plaintiffs back pay and the value of a fringe benefit, described as administrative leave. It noted, however, that the value of travel and housing was not lost income because these items were "expenses incurred in making the rotations which were defrayed for participants." 581 F.Supp. at 1577 n. 4. The district court's extensive findings of fact disclose no evidence that Baylor represented that these items were benefits. Ringling in contrast specifically advertised that the "benefits include free board, free use of a rental car, and paid travel expenses." Ringling's inclusion of these items as fringe benefits significantly distinguishes Long's claim from the facts of *Abrams.*

The definitive case on the question of travel expenses is *Laffey v. Northwest Airlines, Inc.,* 642 F.2d 578 (D.C.Cir.1980), involving hotel accommodations for airline attendants. To determine whether "wage" included the reasonable cost of facilities furnished to an employee, the court turned to the regulations of the administrator of the Fair Labor Standards Act for guidance. The administrator's regulations exclude from wages facilities furnished primarily for the benefit or convenience of the employer. Applying this rule,

**344**

the court held that furnishing single rooms and a uniform cleaning allowance for male airline attendants, while denying single rooms and the allowance to female attendants, was for the benefit of the male employees. Consequently, it was a part of the "wages" paid male employees to which the female employees were also entitled. 642 F.2d at 589.

The district court held that *Laffey* was inapposite because Long was not in a position similar to the female attendants who suffered discrimination because they did not receive the benefits accorded the male employees. Although the factual setting differs, Long has alleged discrimination similar to that which the female attendants suffered. She charges that because of her gender she did not receive the benefits accorded the male employee.

### IV

Long has satisfied the prerequisites for maintaining an action of gender discrimination under Title VII. Her claim for fringe benefits cannot be denied as a matter of law, for there are genuine issues of material fact concerning whether the alleged benefits were for the convenience of the employer or employee. She is entitled to a *de novo* consideration of the merits of her claim.

The application of the Civil Rights Act of 1991 depends upon the retroactivity of the Act, an issue pending before the Supreme Court. *See Landgraf v. USI Film Prods.*, 968 F.2d 427 (5th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Harvis v. Roadway Express, Inc.*, 973 F.2d 490, *cert. granted sub nom., Rivers v. Roadway Express, Inc.*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *see* 62 U.S.L.W. 3183 (Sept. 21, 1993). The district court may wish to await the outcome of these cases before deciding this issue.

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*