**Julie WICKENHAUSER, Plaintiff,**

v.

**EDWARD D. JONES & CO. and EDJ Holding Co., Defendant.**

**No. 4:96–CV–1006 (CEJ).**

United States District Court,
E.D. Missouri,
Eastern Division.

Nov. 19, 1996.

---

John E. Toma, Jr., Newman, Goldfarb, Freyman, Stevens and Klein, P.C., St. Louis, MO, for Plaintiff.

Fred A. Ricks, Jr., McMahon, Berger, Hanna, Linihan, Cody and McCarthy, St. Louis, MO, for Defendant.

### *MEMORANDUM AND ORDER*

JACKSON, District Judge.

This matter is before the Court on the motions of defendant EDJ Holding Company ("EDJ") and Edward D. Jones & Co. ("Jones") to dismiss or, in the alternative, for partial summary judgment on Count II. *See* Fed.R.Civ.P. 12(b). Defendant EDJ has also filed a separate motion to dismiss the entire complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The plaintiff has filed memoranda in opposition to the motions. Because the parties have presented matters outside the pleadings, the Court will construe the motions to dismiss as motions for summary judgment. *See* Fed.R.Civ.P. 12(b). Also before the Court are the motions of the defendants to strike plaintiff's claims under 42 U.S.C. § 1981. The plaintiff concedes that all references to § 1981 should be strick-

en from the complaint. Therefore, the Court will grant the motions to strike.

The plaintiff brings this action alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") 42 U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213 *et seq.* The plaintiff was employed by defendant Jones from June 17, 1987 until she resigned in January 1995. Jones is a Missouri limited partnership with its headquarters in St. Louis, Missouri. Defendant EDJ is a Missouri corporation and is the sole general partner of Jones. On April 13, 1995 the plaintiff filed a charge of discrimination against Jones with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). In March 1996 the plaintiff received a right to sue letter from the EEOC. She also received a right to sue letter from the MCHR in May 1996.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 1355–1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## I. MHRA CLAIM

In Count II of the complaint, the plaintiff asserts a claim under the MHRA. The defendants argue that they are entitled to judgment as a matter of law as to this claim because the plaintiff does not have sufficient contacts with the State of Missouri to permit application of Missouri law. The defendants argue that Illinois law, not Missouri law, should apply, and that under Illinois law the plaintiff's claim fails. Thus, the question for the Court is which state's substantive law should be applied.

In making this determination, the Court must first address whether there is a material conflict between the laws of Missouri and Illinois. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816, 105 S.Ct. 2965, 2976–2977, 86 L.Ed.2d 628 (1985). After examining the relevant statutes, the Court finds that a material conflict is apparent. Under the MHRA, the plaintiff may recover compensatory and punitive damages. Under the Illinois Human Rights Act ("IHRA"), however, the plaintiff may recover only actual damages for her loss or injury. 775 Ill. Comp.Stat. § 5/8A–104 (West 1996).

Next, the Court must determine whether the application of either Missouri or Illinois law would be constitutional. *Phillips*, 472 U.S. at 818, 105 S.Ct. at 2977–2978. The defendants argue that the application of Missouri law would be unconstitutional. In order to apply a state's substantive law, the Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that a state have sufficient contacts with the litigation so that application of that state's law is not "arbitrary or fundamentally unfair." *Phillips*, 472 U.S. at 822, 105 S.Ct. at 2979–2980 (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312–13, 101 S.Ct. 633, 639–640, 66 L.Ed.2d 521 (1981)). The

Due Process Clause prohibits the application of state law which is only casually or slightly related to the litigation. *Phillips*, 472 U.S. at 819, 105 S.Ct. at 2978.

In the present case, the Court concludes that Missouri does not have sufficient contacts with the plaintiff's claim to satisfy the Due Process Clause. The plaintiff had very limited contact with Missouri. The plaintiff did not reside in Missouri nor was her place of employment located there. The plaintiff is a resident of Godfrey, Illinois and she worked exclusively in Illinois while employed by the defendant. Furthermore, all of the alleged discriminatory acts occurred in Illinois and the individual who allegedly harassed plaintiff was also employed in Illinois. The plaintiff's employment-related contacts with Missouri consisted of her occasional attendance at training seminars and meetings conducted at defendant Jones's St. Louis, Missouri office and a direct computer link between plaintiff's Illinois office and defendant Jones's St. Louis office. Although the plaintiff correctly points out that her employment contract contained a provision stating that Missouri law governs the contract, the Court finds that this choice of law provision is not determinative. The plaintiff's claims do not derive from the employment contract, but from federal and state law. Further, the place of performance of the contract must be considered as well. *Sharp v. Interstate Motor Freight System*, 442 S.W.2d 939, 945 (Mo. 1969). In this case, the contract was clearly performed in Illinois, not Missouri.

Finally, the plaintiff relies on *Schiele v. Charles Vogel Mfg. Co., Inc.*, 787 F.Supp. 1541 (D.Minn.1992), to support her contention that she may bring suit under the MHRA. In *Schiele*, the court concluded that the plaintiff had sufficient contacts with both Wisconsin and Minnesota to meet the requirements of the Due Process Clause. The *Schiele* case, however, is distinguishable in two significant aspects. Unlike the present case, the plaintiff in *Schiele* worked in both states as did the alleged harasser.

Based on the foregoing, the Court concludes that the plaintiff's contacts with Missouri are not sufficient to permit the application of Missouri law. Therefore, the plaintiff cannot bring a claim pursuant to the MHRA. Thus, the defendants are entitled to judgment as a matter of law as to Count II.

## II. MOTION TO DISMISS OF DEFENDANT EDJ

In its motion to dismiss, EDJ asserts that because the plaintiff failed to name EDJ in her administrative charge she is procedurally barred from proceeding against it in federal court. In addition EDJ argues that it was never the plaintiff's "employer" so it cannot be liable under Title VII or the MHRA. In response, the plaintiff argues that because of the relationship between EDJ and Jones, the Court should treat them as one entity for purposes of this lawsuit. Thus, the Court must determine whether the nature of the relationship between Jones and EDJ justifies holding EDJ accountable for action ostensibly taken only by Jones.

Separate entities may constitute a "single employer" for purposes of Title VII if there is "substantial identity" between the entities. *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir.1985). Although as a general rule the plaintiff must file a charge against a party with the EEOC before she can sue under Title VII, an exception arises when there is "substantial identity" between a charged party and a non-charged party. *Id.* In determining whether separate entities constitute a single employer under Title VII courts consider the following factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977).

After reviewing the record, the Court concludes that EDJ and Jones may be a "single employer" for purposes of Title VII. The plaintiff has provided evidence tending to demonstrate common management and ownership of the two companies. However, the parties provided little or no information as to the degree of interrelationship between EDJ and Jones and the amount of centralized control EDJ exercises over Jones. Specifically, there are genuine issues of material fact as to whether EDJ controls the employ-

ment practices of Jones and whether the operations of the two companies are sufficiently interrelated to justify a determination that there was "substantial identity" between the two. Because of these genuine issues of material fact, the motion of defendant EDJ to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of the defendants to strike from the complaint all references to 42 U.S.C. § 1981 are **granted.**

**IT IS FURTHER ORDERED** that the motions of the defendants to dismiss or, in the alternative, for partial summary judgment on Count II are **granted.**

**IT IS FURTHER ORDERED** that the motion of defendant EDJ Holding Co. to dismiss for failure to state a claim is **denied.**