Anthony N. WHITING, Plaintiff,

v.

William W. WESLOWSKI d/b/a Ski's Auto World Paint & Body Shop and Ski's Auto World Paint & Body Shop, Inc., Defendants.

No. 5:98–CV–215–5–BO2.

United States District Court, E.D. North Carolina, Western Division.

Sept. 23, 1998.

Walter T. Johnson, Jr., Greensboro, NC, Carmen J. Battle, Fayetteville, NC, for plaintiff.

Susan Joyce Hall, Fayetteville, NC, for defendants.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(6), 15, and 21 of the Federal Rules of Civil Procedure. The underlying action alleges that Defendants violated section 1981 of Title 42 of the United States Code, and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq., by racially discriminating against Plaintiff in hiring and promotional decisions. The complaint also contains state law causes of action for intentional and negligent infliction of emotional distress. Upon consideration of the parties' arguments, and for the reasons discussed below, this Court will grant Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff Anthony N. Whiting has been an employee of Defendant Ski's Auto World Paint & Body Shop, Inc. ("Defendant Skis Auto World") since December 1994, when he was hired as a painter's assistant. On March 5, 1996, Plaintiff expressed his interest in the position of painter to Defendant William W. Weslowski d/b/a Ski's Auto World Paint & Body Shop ("Defendant Weslowski"), who was and is the President of Defendant Ski's Auto World. Plaintiff, who is a black male, did not receive the promotion to painter that he requested. Plaintiff alleges that Defendant Weslowski told him that the person selected for the position, Terry Alfono, had been on the job longer than Plaintiff. Plaintiff further alleges that when he heard that a painter's position was still vacant in late March 1996, he inquired again about his possible promotion to that position. Defendant Ski's Auto World subsequently fired Plaintiff on March 20, 1996. As of the end of March 1996, Terry Alfono held the once-vacant position of painter.

Plaintiff alleges that he first contacted the Equal Employment Opportunity Commission ("EEOC") in June 1996. However, it was not until October 10, 1996 that Plaintiff filed a charge of employment discrimination with the EEOC. The EEOC dismissed Plaintiff's charge and issued a notice of right to sue on September 19, 1997. Plaintiff alleges that he did not receive the dismissal and notice of right to sue until December 21, 1997 because the EEOC originally mailed such notice to an incorrect address. While the charge lists Plaintiff's address as 932 Country Club # 402 in Fayetteville, North Carolina, the notice of right to sue is addressed to the Plaintiff at 322 Long Horn Drive in Fayetteville, North Carolina.

On March 19, 1998, Plaintiff filed a complaint against Defendant Ski's Auto World alleging violations of section 1981 of Title 42 of the United States Code and Title VII of the Civil Rights Act of 1964, as well as state law claims of intentional and negligent infliction of emotional distress. On May 14, 1998, Plaintiff filed an amended complaint which added Defendant Weslowski as a party.

On June 30, 1998, Defendants moved to dismiss for lack of subject matter jurisdiction, failure to state and claim, and failure to seek the Court's permission to amend the complaint to add a new party. Plaintiff has filed a response to the motion. This matter is ripe for adjudication.

## ANALYSIS

Defendants have made a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because matters outside of the pleadings have been presented to and not excluded by the Court, the Motion to Dismiss will be treated as one for summary judgment. See Fed.R.Civ.P. 12(b).

A motion for summary judgment cannot be granted unless there are no genuine

issues of material fact for trial. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Id.* at 324, 106 S.Ct. at 2553 (1986). The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### 1. Plaintiff's Title VII Claim

Plaintiff alleges that racial discrimination was the "real reason" why he was denied a promotion to the position of painter and why he was fired. Pl.Am.Comp. ¶ 8. Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual ... because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1)(1998).

A "jurisdictional prerequisite" to a Title VII action is the timely filing of a charge of discrimination with the EEOC. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Long v. Ringling Bros.– Barnum & Bailey Combined Shows, Inc.,* 9 F.3d 340, 342 (4th Cir.1993). *See also Delaware State College v. Ricks,* 449 U.S. 250, 259, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (emphasizing that "time limitations provisions themselves promote[ ] important interests"). This "prerequisite" is not an absolute requirement for federal court jurisdiction; instead, it is a requirement, like a statute of limitations, that is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The relevant time limitation for such filing is governed by section 706(e)(1) of Title VII, which provides that a charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

The statute further states that "[c]harges shall be in writing under oath or affirmation." *Id.* § 2000e–5(b). In the Fourth Circuit, "failure to comply with [§ 2000e–5(b) ] is fatal to an action seeking relief under Title VII." *Balazs v. Liebenthal,* 32 F.3d 151, 156 (4th Cir.1994) (citing *EEOC v. Appalachian Power Co.,* 568 F.2d 354 (4th Cir.1978)).

In the instant case, Plaintiff does not allege any unlawful employment practice after March 20, 1996, the date on which he was fired by Defendants. More than 180 days passed before Plaintiff filed a valid charge, under oath, with the EEOC on October 10, 1996. Such untimely filing of a charge violates one of Title VII's basic "prerequisites." Plaintiff's unsworn letter to the EEOC sometime in June 1996 does not change this result. *See Hinton v. C & S/Sovran Corp.,* 1991 WL 325642 (E.D.Va. 1991) (holding that an earlier unsworn letter to the EEOC does not make valid an untimely filed sworn charge).

Furthermore, no grounds exist for estoppel or equitable tolling. Estoppel applies when a defendant misleads or deceives a plaintiff such that the plaintiff does not file a timely charge; equitable tolling may occur when a plaintiff is excusably ignorant of a defendant's discriminatory acts. *See Nealon v. Stone,* 958 F.2d 584, 589 (4th Cir.1992). Plaintiff does not claim ignorance of Defendants' alleged discriminatory acts. Instead, Plaintiff argues that Defendants misled him into believing that he would receive a promotion to the position of painter as soon as it was available. However, Plaintiff fails to allege that Defendants committed any act after March 20, 1996 which might mislead or deceive him into not filing a timely claim. Indeed, Plaintiff admits that he was not

promoted to painter when the position was allegedly vacant in early March 1996 and that he was fired on March 20, 1996. Because Plaintiff did not file a charge of discrimination with the EEOC within 180 days of March 20, 1996, Plaintiff's Title VII claim must be dismissed.

### 2. Plaintiff's Section 1981 Claim

Plaintiff also alleges that Defendants violated section 1981 of Title 42 of the United States Code when they denied him a promotion to painter and terminated his employment. Section 1981 prohibits racial discrimination in employment by prohibiting the impairment of the right to "make and enforce contracts" based on race. 42 U.S.C. § 1981 (1998). The Supreme Court explained that "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

■ Federal civil rights claims brought under section 1981 are subject to state statutes of limitation. *See id.* at 462, 95 S.Ct. 1716. In North Carolina, the applicable limitation period is three years. *See* N.C.Gen.Stat. § 1–52; *Theard v. Glaxo, Inc.*, 47 F.3d 676, 678 (4th Cir. 1995). In the instant case, Plaintiff timely filed his section 1981 claim on March 19, 1998, well within the three years of the alleged discrimination in March of 1996. The dismissal of Plaintiff's Title VII claim for untimely filing with the EEOC does not change this result. Consequently, Plaintiff's section 1981 claim will not be dismissed on timeliness grounds.

■ To state a claim under section 1981 for racial discrimination for failure to promote, a plaintiff must show that: (1) he is a member of a protected group; (2) he applied for and was qualified for the position sought; (3) the defendant/employer rejected him for the position; and (4) the defendant/employer granted the promotion to a person whose race was different than plaintiff's, but who had similar or lesser qualifications. *See Sample v. Aldi, Inc.*, 61 F.3d 544, 548 (7th Cir.1995). Qualifications for a job include a person's seniority. *Cf. Nation v. Winn–Dixie Stores, Inc.*, 567 F.Supp. 997, 1008 (N.D.Ga.1983) (finding that employer did not discriminate against black employee by granting certain job position to white employees who had greater seniority).

■ In the instant case, Plaintiff has claimed that he is a racial minority and that he inquired about a promotion to painter when he heard of a vacancy in March 1996. Plaintiff alleges that he met all qualifications for promotion in March 1996 but was nonetheless denied the promotion. However, Plaintiff states that he was told that the person selected for the job—Terry Alfono—had seniority. Although Plaintiff makes conclusory allegations that he did not get the job because of his race, he does not contest the other person's seniority. Indeed, Plaintiff admits in his affidavit filed with the EEOC on October 10, 1996 that Terry Alfono "was working there longer than myself." Seniority is a sufficient nondiscriminatory basis for promotion decisions. Consequently, Plaintiff's allegations do not provide a sufficient basis for a section 1981 claim based on denial of promotion. To the extent that Plaintiff's section 1981 claim is based on his denial of promotion, it must be dismissed.

■ To state a claim under section 1981 for racial discrimination for termination, a plaintiff must show that (1) he is a member of a protected group; (2) he was working in such a way as to meet his employer's legitimate expectations; (3) he was fired despite his performance; and (4) his employer sought a replacement for him. *See id.* In this case, Plaintiff was fired on March 20, 1996, after he called Defendant Weslowski the night before and, without first identifying himself, questioned Defendant Weslowski about why he could not have the job. Plaintiff does not

allege that his job performance met Defendants' legitimate expectations. Plaintiff does not allege that Defendants sought a replacement for him. Plaintiff's only allegation relating to his termination is that the "real reason" why it occurred was because of his race. Such limited and conclusory allegations are not sufficient to support a section 1981 claim based on Plaintiff's termination. Consequently, Plaintiff's section 1981 claim based on his termination must be dismissed.

### 3. Plaintiff's State Law Claims

Plaintiff also attempts to state claims for intentional and negligent infliction of emotional distress. Having dismissed Plaintiff's federal claims, the Court must decide whether to exercise its discretion and retain jurisdiction over the Plaintiff's supplemental state law claims. 28 U.S.C. § 1367 (1998). The Fourth Circuit, interpreting section 1367, has explained that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Factors a court may consider in making its decision include convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and judicial economy. *Id.*

Refusing to exercise jurisdiction over Plaintiff's state law claims would not serve the parties' convenience. Additionally, the status of the laws required to resolve these state law issues are well-settled in North Carolina and do not require this Court to anticipate decisions of the North Carolina courts. Therefore, the Court will retain jurisdiction over Plaintiff's supplemental state law claims.

To state a claim for intentional infliction of emotional distress, as plaintiff must show that: (1) defendant(s) engaged in extreme and outrageous conduct, (2) the conduct was intended to cause severe emotional distress, and (3) the conduct did

cause severe emotional distress. *See Wilson v. Southern Nat'l Bank*, 900 F.Supp. 803, 811 (W.D.N.C.1995) (citing *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992)), *aff'd*, 92 F.3d 1184, 1996 WL 445088 (4th Cir.1996). Whether the conduct is sufficiently extreme and outrageous is a question of law for the court. *See Cromer v. Perdue Farms, Inc.*, 900 F.Supp. 795, 802 (M.D.N.C.1994), *aff'd*, 65 F.3d 166, 1995 WL 528298 (4th Cir.1995). "Extreme and outrageous conduct" is conduct which is "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citing *Hogan v. Forsyth Country Club Co.*, 79 N.C.App. 483, 340 S.E.2d 116 (1986)). "It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Wilson*, 900 F.Supp. at 811–812 (quoting Cox v. Keystone Carbon, 861 F.2d 390 (3rd Cir. 1988)). In the case at bar, Plaintiff has not shown conduct that is sufficiently outrageous to support his claim. Instead of promoting Plaintiff, Defendants decided to give the painter's job to another person, whom Plaintiff admits had seniority. Such employment decision is certainly not "atrocious and utterly untolerable in a civilized society." Plaintiff has therefore not alleged facts sufficient to support an intentional infliction of emotional distress claim. Consequently, Plaintiff's claim of emotional distress must be dismissed.

To establish a viable claim for negligent infliction of emotional distress in North Carolina, a plaintiff must show: (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause severe emotional distress, and (3) the conduct did, in fact, cause severe emotional distress. *See Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85 (1990). The North

Carolina Supreme Court emphasized in *Johnson* that a plaintiff must "allege that severe emotional distress was the foreseeable and proximate result of such negligence in order to state a claim...." *Id.* In the instant case, Plaintiff has not even alleged that Defendants' conduct was negligent or that severe emotional distress was the foreseeable result of Defendants' conduct. Even if the Plaintiff had made those allegations, this Court could not say that such conduct—promoting another person with seniority instead of Plaintiff—would foreseeably cause emotional distress. Consequently, Plaintiff's claim of negligent infliction of emotional distress must be dismissed.

## CONCLUSION

For the reasons discussed above, Plaintiff's claims must be dismissed. Defendants' Motion to Dismiss, which has been treated as a motion for summary judgment, is therefore GRANTED.

SO ORDERED.