**Nancy C. PRIOR, Plaintiff,**

v.

**UNITED STATES CELLULAR CORP.,
and George Geotsalitis,
Defendants.**

**No. 98 C 1314.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 27, 1999.

---

judgment, arguing: (1) the court does not have subject matter jurisdiction over plaintiff's Title VII claim because plaintiff has failed to exhaust her administrative remedies; and (2) plaintiff's battery claim is time-barred.

## FACTS

On October 27, 1997, plaintiff filed an initial charge of discrimination against USCC with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). On December 8, 1997, EEOC issued plaintiff a right to sue letter. On December 18, 1997, IDHR sent plaintiff notice that it had scheduled a fact-finding conference on her charge for February 24, 1998. Plaintiff did not attend that conference. On March 3, 1998, plaintiff filed the present suit, and on March 10, 1998, IDHR dismissed plaintiff's discrimination charge at her request.[1]

Ronald W. Katz, Law Office of Ronald W. Katz, Park Ridge, IL, Irwin D. Rozner, Attorney, Des Plaines, IL, for Nancy C. Prior, plaintiff.

Adrianne Clarise Mazura, David Alan Schneider, Rudnick & Wolfe, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Nancy Prior has filed a two-count second amended complaint against defendants United States Cellular Corp. ("USCC") and George Geotsalitis, alleging sex discrimination in violation of Title VII (Count I) and battery (Count II). Defendants have filed a motion for summary

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). This standard places on the movant the burden to point to evidence in the record that demonstrates that there are no genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, the burden then shifts to the non-moving party to set forth specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(c). The court must address all facts in the light most favorable to the moving party. See Anderson v.

---

1. Plaintiff filed a second charge of discrimination on February 2, 1998, and the EEOC issued plaintiff a right to sue letter on the second charge on March 11, 1998. Plaintiff attached both right to sue letters to her first amended complaint, filed March 23, 1998, and to her second amended complaint, filed October 27, 1998. The instant motion for summary judgment concerns only plaintiff's failure to respond to the IDHR's notice of the fact finding hearing on her first charge of discrimination:

*Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. Count I: Title VII Claim

■ Defendant argues that the court does not have jurisdiction over the instant suit because plaintiff failed to cooperate with IDHR. Title VII requires a plaintiff to exhaust her administrative remedies before bringing suit in federal court. The Seventh Circuit treats this exhaustion requirement as jurisdictional. *See Bullard v. Sercon Corp.,* 846 F.2d 463, 468 (7th Cir.1988). "[T]he failure to cooperate with the appropriate administrative agency during its investigative stage divests a federal court of subject matter jurisdiction." *Duncan v. Consolidated Freightways Corp. of Delaware,* 1995 WL 530652, at *3 (N.D.Ill. Sept.7, 1995).

■ Plaintiff responds that she did not intentionally evade the administrative proceedings. Rather, she failed to cooperate because she had already received a right to sue letter from EEOC. Plaintiff argues that once she received this letter, she had only ninety days to file suit. *See* 42 U.S.C. 2000e–5(f)(1). She points out that the fact-finding conference was scheduled to take place a mere twelve days before the statutorily-mandated ninety day period expired, and opines that it is unlikely that IDHR could have resolved her claim before she lost her right to sue.

Defendant cites a number of cases holding that a court does not have jurisdiction over a plaintiff's claim when the plaintiff refused or failed to cooperate with the state agency, and later received a right to sue letter from EEOC. The timing of the events in the instant case, however, distinguishes it from the cases defendant cites. In *Zugay v. Progressive Care,* No. 97 C 7915 (N.D.Ill. July 8, 1998), the state agency scheduled a fact-finding conference, plaintiff voluntarily withdrew her claim from the state agency before the conference was held, EEOC issued a right to sue notice, and the plaintiff filed suit. The court held that the plaintiff had failed to exhaust her administrative remedies because she had prevented the state agency from adjudicating her claim.

Similarly, in *Dates v. Phelps Dodge Magnet Wire Co.,* 604 F.Supp. 22 (N.D.Ind.1984), EEOC sent the plaintiff a letter instructing her to cooperate with the state agency, but the plaintiff failed to respond to the state agency's requests for information. EEOC dismissed the plaintiff's claim solely because she had refused to work with the state agency. The court held: "Where, as here ... the plaintiff herself is at fault for depriving EEOC of its opportunity to investigate and conciliate her charge, the plaintiff cannot invoke the court's jurisdiction solely on the basis of the fact that she has received notice of her right to sue." *Id.* at 27; *see also Anderson v. Aurora Township,* 1997 WL 534265, *3 (N.D.Ill. Aug.20, 1997) (dismissing plaintiff's suit for lack of jurisdiction because "the IDHR attempted to contact plaintiffs to follow through with an investigation ... well before the issuance of the right to sue letter and the filing of the present lawsuit.") (reversed on a motion to reconsider after new facts surfaced).

The instant case is different from the cases discussed above because EEOC issued plaintiff a right to sue letter *before* IDHR attempted to schedule the fact finding conference. This scenario resembles that in *Burton v. Great Western Steel Co.,* 833 F.Supp. 1266 (N.D.Ill.1993), in which the plaintiff filed a charge and subsequently received a right to sue letter from EEOC and filed suit. Over a year later, IDHR contacted the plaintiff to arrange a conference. *Burton* held that, IDHR's efforts notwithstanding, the plaintiff had exhausted his administrative remedies by the time he filed his lawsuit. Judge Alesia noted that the outcome turned on the timing of the right to sue letter, and, in dicta, distinguished the case from a hypothetical whose facts resembled the *Zugay/Dates* scenario. *See id.* at 1273 ("If the IDHR had contacted plaintiff before he received his 'Right to Sue' letter and plaintiff failed

to respond, the court would agree with the defendant that the plaintiff would not have exhausted his administrative remedies.").

The instant case is not identical to *Burton,* because at the time IDHR contacted plaintiff, she had received her right to sue letter but had yet to file suit. Nevertheless, a plaintiff should not suffer because the federal commission does not try to conciliate her claims. *See, e.g., Sedlacek v. Hach,* 752 F.2d 333, 335 (8th Cir.1985) ("[C]ourts have repeatedly stated that attempted conciliation by the Commission is neither a jurisdictional prerequisite nor a condition precedent to judicial review of the Commission's determination of a Title VII action."). A plaintiff likewise should not suffer because the federal commission and the state agency do not coordinate with one another.

Ordinarily, the state agency has exclusive jurisdiction over an alleged unlawful employment practice claim for 60 days after proceedings have been initiated. 42 U.S.C.2000e–5(c) and (d). IDHR sent plaintiff the letter requesting a fact-finding conference approximately 52 days after plaintiff filed her claim. At this point, however, EEOC had already issued plaintiff a right to sue letter, thereby vesting jurisdiction in the federal courts.

Defendant is correct that the mere receipt of a right to sue letter does not necessarily mean that a plaintiff has exhausted her administrative remedies, and does not automatically confer jurisdiction. "When the plaintiff himself is at fault for depriving EEOC of the opportunity to investigate and conciliate his charge, he cannot invoke the court's jurisdiction solely on the basis of his receipt of his right to sue." *Duncan,* 1995 WL 530652, at *3. When a plaintiff gives EEOC a chance to reconcile her claim, however, and the commission "through some fault or finding of its own, [is] unable to resolve the grievance, . . . courts have held that receipt of a 'Notice of Right to Sue' letter is enough to invoke jurisdiction regardless of the reasons for issuance of the notice." *Dates,* 604 F.Supp. at 27.

Once jurisdiction has vested, a state agency should not be able to deprive the court of jurisdiction by deciding to investigate a claim at some later date. *See Burton,* 833 F.Supp. at 1273 ("[T]his court had subject matter jurisdiction at the time plaintiff filed suit. Such jurisdiction, well-founded at the inception of the case, cannot be taken away at the whim of a state agency which suddenly decides to investigate an 18 month old charge."). Plaintiff justifies her failure to cooperate by arguing that had she complied with IDHR's request and attended the fact-finding hearing, all but twelve of the ninety days she had been given to file a complaint in federal court would have expired. She argues further that her filing time would surely have expired before the state-level administrative process was complete.

Although the professional, courteous course of action would have led plaintiff to notify IDHR that she had received a right to sue letter and was pursuing her claim in federal court, plaintiff should not lose her right to sue in federal court because EEOC and IDHR did not coordinate their efforts to investigate her charge. *Cf. Choate v. Caterpillar Tractor Co.,* 402 F.2d 357, 361 (7th Cir.1968) ("the complainant should not be made to be the innocent victim of a dereliction of statutory duty on the part of the commission."). Had plaintiff participated in IDHR's proposed fact-finding exercise before filing suit, the ninety day limitation period would likely have expired. Plaintiff should not be faulted or penalized for preserving the right to sue conferred by the EEOC in its December 8, 1998, letter. Plaintiff's failure to respond to the state agency, therefore, did not nullify her right to sue or deprive this court of jurisdiction.

### III. Count II: Battery Claim

Plaintiff alleges that defendant Geotsalitis intentionally pushed her into a desk in November 1997. Defendant argues that plaintiff's claim is time-barred because her deposition testimony suggests that the incident actually occurred in 1994.

Illinois has a two-year statute of limitations for personal injury claims. *See* 735 ILCS 5/13–202; *Russell v. NMB Technologies, Inc.,* 1993 WL 112557, at *4 n. 2 (N.D.Ill. April 9, 1993). In response to her own attorney's rather confusing deposition questions, plaintiff stated that Geotsalitis pushed her into a desk in 1994, and that he repeated this behavior at least one other time after 1994. Defendant did not attempt to elicit a clearer response from plaintiff at her deposition and does not submit any evidence that plaintiff is suing over the 1994 incident or that no later incident occurred. Because plaintiff alleges in her complaint that she is suing for an incident that occurred in 1997, the court denies defendants' motion for summary judgment on plaintiff's battery claim.

## CONCLUSION

For the foregoing reasons, the court denies defendants' motion for summary judgment on both counts. The status report previously set for May 12, 1999, is vacated. All discovery is to be completed by June 18, 1999. This matter is set for a report on status and to set a trial date on June 22, 1999, at 9:00 a.m.