**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LYNN BROWN,

*Plaintiff-Appellant,*

v.

WILLIAM J. HENDERSON, Postmaster
General, United States Postal
Service, A Federal Agency,

*Defendant-Appellee.*

No. 00-2044

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
H. Brent McKnight, Magistrate Judge.
(CA-99-498-3MCK)

Submitted: March 9, 2001

Decided: March 23, 2001

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Roger W. Rizk, ROGER W. RIZK, P.A., Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, James M. Sullivan, Assistant United States Attorney, Charlotte, North Carolina; Eric J. Scharf, Managing Counsel, Stephan J. Boardman, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lynn Brown appeals the magistrate judge's dismissal of her complaint against the United States Postmaster General. Brown alleged the Postal Service discriminated against her because of her physical disabilities, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 2000) ("ADA"). Finding no reversible error, we affirm.

From 1988 to 1996, Brown was employed as a postal carrier for the Postal Service. In 1998, Brown filed an internal Equal Employment Opportunity ("EEO") complaint alleging physical disability discrimination. The Postal Service's EEO Office dismissed Brown's complaint as untimely. Next, Brown appealed the EEO's dismissal to the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed Brown's appeal as untimely. Finally, Brown challenged the EEOC's dismissal in the district court. The Appellee moved to dismiss, asserting Brown failed to state a claim upon which relief could be granted. The magistrate judge granted the Appellee's motion to dismiss because Brown's complaint failed to state a claim against the Postal Service.

The magistrate judge did not abuse his discretion by dismissing Brown's ADA claim because the Postal Service is not subject to suit under the ADA. 42 U.S.C.A. § 12111(5)(B); *see also Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995) (holding that suit under the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797 (West 1999 & Supp. 2000), "is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination").

Additionally, the magistrate judge did not abuse his discretion by denying Brown's request to amend her complaint to allege claims under the Rehabilitation Act, the statutory basis for raising a disability

discrimination claim against a government agency. Brown failed to timely pursue her administrative remedies and therefore cannot seek relief in district court under the Rehabilitation Act. *See* 29 U.S.C.A. § 794a(a)(1) (stating that the "remedies, procedures, and rights" in Title VII of the Civil Rights Act of 1964 "shall be available" to any federal employee complaining of discrimination against the handicapped); *Long v. Ringling Bros.-Barnum & Bailey Combined Shows*, 9 F.3d 340, 342 (4th Cir. 1993) (noting that "a federal employee must exhaust his administrative remedies before bringing an action in district court" under the Civil Rights Act).

Accordingly, Brown's complaint was properly dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*