Ressia R. BURRELL, Plaintiff,

v.

TRUMAN MEDICAL CENTER, INC., et al., Defendants.

No. 89–0280–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

Sept. 27, 1989.

Ressia R. Burrell, Kansas City, Mo., pro se.

W. Perry Brandt, Jan Fink Call, Kansas City, Mo., for defendants.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Ressia Burrell brings this suit against the Truman Medical Center ("TMC") and five of its employees alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Before the Court is a Motion to Dismiss plaintiff's complaint filed by individual defendants John Miers, Sherrell Tyree, Cleo R. Smith, Donald G. Brevold and Stewart Grant (the "individual defendants"). The individual defendants move for dismissal of the claims against them arguing (1) that they are not "employers" subject to Title VII litigation, and (2) that they were not named in plaintiff's charge of discrimination filed with the EEOC and therefore cannot be sued. In addition, the individual defendants request an Order imposing sanctions against plaintiff pursuant to Rule 11, Fed.R.Civ.P. Also pending before the Court is plaintiff's "Affidavit in Support of Pro Se Request to Disqualify Judge for Bias or Prejudice."

### I. The Motion to Dismiss

In order to prevail on this Motion to Dismiss, the individual defendants must establish that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In passing on the motion, the Court should construe the allegations in the complaint in favor of the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and assume the allegations therein are true. *Gardner v. Toilet Good Ass'n.*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1957). Thus, the facts of the instant case must be stated as follows.

In August of 1984, plaintiff was sexually harassed by Cleo Smith, who was then serving as Director of Data Processing for TMC. Plaintiff filed a grievance with the Personnel Department of TMC on August 8, 1984, which was internally resolved. According to plaintiff, Cleo Smith then began discriminating against her in retaliation for having filed the grievance regarding the sexual harassment. She discussed the problem with Sherrell Tyree, the Director of Personnel for TMC, on August 18, 1984. Sherrell Tyree assured plaintiff that the harassment and retaliation would stop. Plaintiff admits that she did not suffer further acts of retaliation for approximately two years.

Apparently Donald Brevold replaced Cleo Smith as the Director of Data Processing for TMC in June of 1986. Plaintiff maintains that Donald Brevold began to discriminate against her in retaliation for her 1984 sexual harassment grievance. Plaintiff contends that Donald Brevold learned about plaintiff's previous grievance from Sherrell Tyree. On September 16, 1987, plaintiff filed a charge with the EEOC alleging that she was being discriminated against in retaliation for her 1984 grievance. She claims that the acts of retaliation became so severe that she was forced to seek hospitalization. She was allegedly unlawfully discharged on January 14, 1988.

The individual defendants contend initially that John Miers and Stewart Grant should be dismissed from this action because plaintiff's complaint does not contain any allegations relating to these two employees. The Court agrees that plaintiff fails to make any allegations of wrongdo-

ing against John Miers and Stewart Grant. Consequently, plaintiff's complaint against these two employees must be dismissed for failure to state a claim upon which relief can be granted.

■ The remaining individual defendants maintain that they are not proper parties under Title VII which prohibits discrimination by employers. Title VII defines the term "employer" to include "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person....*" (emphasis added) 42 U.S.C. § 2000e(b) (1974). It is not contested that TMC is an employer for the purposes of Title VII. Thus, the individual defendants may be sued pursuant to Title VII if they qualify as statutory "agents" of TMC.

■ The Court must liberally construe the definition of "employer" to effectuate EEOC's remedial purpose. *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 391 (8th Cir.1977). Courts have generally held that to be an "agent" for the purposes of 42 U.S.C. § 2000e(b), an individual must be a supervisory or managerial employee of a Title VII employer, to whom the responsibility for making some employment decisions has been delegated. *York v. Tenn. Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982). *See Mason v. Twenty–Sixth Judicial Dist. of Kansas,* 670 F.Supp. 1528, 1532 (D.Kan.1987) ("agent" includes supervisory or managerial employees to whom some employment decisions have been delegated by employer); *Hendrix v. Fleming Companies,* 650 F.Supp. 301, 302 (W.D.Okla.1986) ("employer" includes an officer, director, or supervisor of a Title VII employer, or an employee otherwise involved in managerial decisions); *McAdoo v. Toll,* 591 F.Supp. 1399, 1406 (D.Md.1984) ("those individuals who are charged with the responsibility of making—or contributing to—employment decisions...."); *Thompson v. Intern. Ass'n of Machinists and Aerospace Workers,* 580 F.Supp. 662, 669 (D.D.C.1984) (individu-

als are subject to suit as "agents" under § 2000e(b) based on their participation in the decision making process that forms the basis of plaintiff's charge of discrimination); *Jeter v. Boswell,* 554 F.Supp. 946, 953 (N.D.W.Va.1983) (individual responsible for making the complained of personnel decision is subject to suit as employer); *Spirt v. Tchrs. Ins. and Annuity Ass'n,* 475 F.Supp. 1298, 1308 (S.D.N.Y.1979), *aff'd in relevant part,* 691 F.2d 1054 (2d Cir.1982) ("employer" controls some aspects of an individual's compensation, terms, conditions or privileges of employment); *see also* I A. Larson, *Employment Discrimination* § 5.34 (1989) ("... the statute also imposes liability on the particular hiring officer or other person who actually made or carried out the discriminatory employment action ... managers with direct control over the effected employee are uniformly found to be agents for the purposes of Title VII.").

■ The individual defendants assert briefly in their Motion to Dismiss that they do not qualify as statutory "agents" under Title VII. However, they have failed to document their employment status on the record. Plaintiff, on the other hand, alleges in her complaint that the individual defendants served as Directors of TMC divisions during the relevant time period involved in this case. Thus, it appears the individual defendants qualify as supervisory or managerial employees of TMC. Furthermore, Sherrell Tyree's position as Director of Personnel indicates she had responsibility for employment decisions. Assuming plaintiff was employed in the data processing department, it can be inferred that Cleo Smith and Donald Brevold, as Directors of Data Processing, controlled aspects of plaintiff's employment at TMC. The Court is hesitant to find on the current record that plaintiff can prove no set of facts tending to establish that the individual defendants are statutory employers under Title VII. Thus, the Court denies the motion of the individual defendants to dismiss plaintiff's complaint on this ground, without prejudice to their right to file an appropriate motion with proper factual doc-

umentation at a later stage in these proceedings.

■ The individual defendants contend that even if they meet the statutory definition of an "employer" under Title VII, they cannot be sued because they were not named in plaintiff's charge of discrimination filed with the EEOC. The statute provides that "a civil action may be brought *against the respondent named in the charge....*" (emphasis added) 42 U.S.C. § 2000e–5(f)(1). As a general rule, a complainant must file a charge against a party with the EEOC before the complainant can sue that party in federal court under Title VII. *Hawkins v. Allis–Chalmers Corp.*, 527 F.Supp. 895, 896 (W.D.Mo. 1981). The dual purpose of this procedural filing requirement is to notify the person charged with the asserted violation and to facilitate conciliation. *Stith v. Manor Baking Co.*, 418 F.Supp. 150, 156 (W.D.Mo. 1976).

Several exceptions to the general rule have been recognized.[1] Plaintiff encourages the Court to adopt a policy-based exception to the procedural filing rule developed by the Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), *appeal after remand*, 629 F.2d 248 (3d Cir.1980), *vacated on other grounds sub nom. Retail, Wholesale & Department Store Union v. G.C. Murphy Co.*, 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981). The *Glus* court enumerated four factors to be considered in determining whether jurisdiction exists over Title VII defendants who were not named in the plaintiff's EEOC complaint. These factors include: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceeding resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Id.* at 888.[2] The Court need not decide whether to adopt the four-part test enunciated in *Glus* at this stage of the litigation. Instead, the Court chooses to endorse another exception to the EEOC filing rule which appears to apply in this case.

■ A number of courts have recognized the "actual notice exception" to the general rule that a Title VII defendant must be named in the EEOC charge. *See* 2 A. Larson, *Employment Discrimination* § 49.1(c)(2) (1989) (the fact the defendant had actual notice of the EEOC charges may serve as an exception in itself). Courts are reluctant to dismiss an unnamed

---

1. Exceptions to the procedural filing rule include (1) if the defendant is an "indispensable party" pursuant to Rule 19, Fed.R.Civ.P.; (2) if there is a "substantial identity" between the defendant and someone against whom a charge was filed; (3) if an agency relationship exists between the charged party and the defendant. *Hawkins*, 527 F.Supp. at 897, 897 n. 1; *Stith*, 418 F.Supp. at 156; *Curran v. Portland Super. Sch. Committee*, 435 F.Supp. 1063 (D.Me.1977); *see also Greenwood v. Ross*, 778 F.2d 448, 450–51 (8th Cir.1985); *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir.1985). The cases which have applied these exceptions have done so only where the purposes of the EEOC filing, notice to the alleged violator and opportunity for voluntary compliance through conciliation efforts, have been effectuated with respect to the unnamed defendants. *Kelly v. Richland School Distict 2*, 463 F.Supp. 216, 219 (D.S.C.1978).

2. Several courts have cited with approval the four prong *Glus* test. *See Romain v. Kurek*, 836 F.2d 241 (6th Cir.1987); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir.1981), *cert. denied sub nom. Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir.1980); *Acampora v. Boise Cascade Corp.*, 635 F.Supp. 66 (D.N.J.1986); *Harrigan v. Sebastian's on the Waterfront, Inc.*, 629 F.Supp. 102 (D.V.I.1985); *Mathews v. Houston Independent School District*, 595 F.Supp. 445 (S.D.Tex.1984); *Garcia v. Gardner's Nurseries, Inc.*, 585 F.Supp. 369 (D.Conn.1984); *Williams v. Southern Bell Telephone & Telegraph Co.*, 464 F.Supp. 367 (S.D. Fla.1979).

party if he or she had adequate notice of the charge filed with the EEOC and an opportunity to participate in the EEOC proceedings. *See Marks v. Prattco, Inc.,* 607 F.2d 1153, 1156 (5th Cir.1979); *Bostic v. Wall,* 588 F.Supp. 994, 997 (W.D.N.C.1984), *aff'd,* 762 F.2d 997 (4th Cir.1985); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670, 688–89 (D.Md.1979); *Williams v. Massachusetts General Hospital,* 449 F.Supp. 55, 58 (D.Mass.1978). "[W]here an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." (citations omitted) *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied sub nom. Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *see Romain v. Kurek* 836 F.2d 241, 245 (6th Cir.1987); *Jones v. Singer Career Systems,* 584 F.Supp. 1253, 1255 (E.D.Ark. 1988); *Feng v. Sandrik,* 636 F.Supp. 77, 81 (N.D.Ill.1986); *see also Allen v. Colgate–Palmolive Co.,* 539 F.Supp. 57, 69 (S.D.N. Y.1981). In *Greenwood v. Ross,* 778 F.2d 448, 451 (8th Cir.1985), the Eighth Circuit indicated it would be amenable to the "actual notice exception" by stating in dictum "[t]he filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance."

The "actual notice exception" does not frustrate either of the dual purposes of Title VII. It ensures that a Title VII defendant, although unnamed in the EEOC charge, had notice of the charge and an opportunity to participate in the EEOC conciliation efforts. In such cases, demanding full and technical compliance with procedural requirements would have no relation to the purposes for requiring those proceedings in the first instance. *See Glus,*

562 F.2d at 888. If a defendant had actual notice of the EEOC charge and an opportunity to participate in the EEOC proceedings, the Court will exercise jurisdiction over that defendant.

■ In her response to the individual defendants' motion to dismiss, plaintiff asserts that "the 'individual defendants' participated in the conciliation procedures with E.E.O.C. The individual defendants' were adequately notified of charges filed. And, given the appropriate opportunity to participate in conciliation proceedings with E.E. O.C." In their reply to plaintiff's response, the individual defendants do not refute plaintiff's statement that they had notice of the EEOC charge and an opportunity to participate in the EEOC conciliation proceedings. They have made no attempt to introduce any evidence tending to show that they did not receive notice of or participate in the conciliatory efforts. Consequently, on the present state of the record of this case, each of the individual defendants may be charged with having had actual knowledge of plaintiff's EEOC charge and an opportunity to participate in the EEOC conciliation proceedings. Thus, the motion to dismiss on this ground is denied without prejudice, and may be renewed, with proper factual documentation, as a motion for summary judgment. Accordingly, the individual defendants' request for an Order imposing sanctions on plaintiff pursuant to Rule 11, Fed.R.Civ.P., is also denied.

## II. Plaintiff's "Affidavit in Support of Pro Se Request to Disqualify Judge for Bias on Prejudice"

Plaintiff has filed a request that I disqualify myself due to bias or prejudice. 28 U.S.C. § 455(b)(1) requires a judge of the United States to disqualify himself where "he has a personal bias or prejudice concerning a party...." I assure plaintiff that I am in no way biased or prejudiced against her. Accordingly, her motion for disqualification is denied.

## III. Conclusion

It is hereby

ORDERED (1) that the individual defendants' Motion to Dismiss plaintiff's complaint is granted in part and denied in part. The Motion to Dismiss plaintiff's complaint against defendants John Miers and Stewart Grant is granted. The Motion to Dismiss plaintiff's complaint against Cleo Smith, Sherrell Tyree, and Donald Brevold is denied. It is further

ORDERED (2) that the Motion by the individual defendants seeking sanctions against plaintiff is denied. It is further

ORDERED (3) that plaintiff's Motion for Disqualification of Judge Hunter is denied.

IT IS SO ORDERED.