# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2107

_____

| | | |
|---|---|---|
| George Wiles, doing business as Arcadia Valley Office Supply, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Capitol Indemnity Corporation; Brown & James, P.C.; Nixon and Company, | * * * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2001

Filed: February 14, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

George Wiles (Wiles) appeals from a final judgment in favor of Capitol Indemnity Corporation (Capitol) in an action on a fire insurance policy. Wiles

contends on appeal that the district court[1] improperly dismissed parties from the suit, lacked subject matter and removal jurisdiction, and improperly denied leave to amend the complaint. We affirm the judgment of the district court.

Wiles filed his original complaint seeking a declaratory judgment in the Circuit Court of the City of St. Louis on July 2, 1999, alleging civil conspiracy, fraud, breach of contract and vexatious refusal to pay his fire insurance claim on his Capitol policy. On August 11, 1999, the case was removed to the United States District Court in St. Louis based upon diversity jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship existed between Wiles, a citizen of Missouri, and Capitol, a Wisconsin corporation, where the amount in controversy exceeded $6 million. Based upon fraudulent joinder, the district court on October 21, 1999, dismissed Wiles's conspiracy claim against the two non-diverse defendants, Brown & James, P.C. and Nixon and Company, Capitol's attorneys and its claims handling agency, respectively. The court concluded Wiles's conspiracy count against these two defendants failed to state a claim under Missouri law. The district court on December 13, 1999, denied Wiles's motion filed on November 12, 1999, requesting leave to amend his conspiracy claim as to the non-diverse defendants.

On January 11, 2001, the district court granted Capitol a summary judgment on Wiles's claims arising out of an alleged material breach of the insurance policy's cooperation clause. On February 23, 2001, a jury returned a verdict for Capitol on its counterclaim that Wiles had intentionally concealed material facts and circumstances concerning the fire in both his insurance claim and Capitol's subsequent investigation of the claim.

---

[1]The Honorable Jean C. Hamilton, United States District Court for the Eastern District of Missouri.

-2-

Wiles specifically argues on appeal (1) the dismissal of the two non-diverse defendants was prejudicial error and the court therefore lacked subject matter jurisdiction; (2) Capitol's notice of removal was faulty and thus negated removal jurisdiction; and (3) the denial of leave to amend the complaint constituted prejudicial error.

We first address Wiles's argument regarding the dismissal of the non-diverse defendants. We review the district court's conclusions of law de novo. Lewis v. Wilson, 253 F.3d 1077, 1079 (8th Cir. 2001). While the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

The only count relating to the non-diverse defendants was the civil conspiracy count. Missouri recognizes the general rule that there is no tort of civil conspiracy. Xavier v. Bumbarner & Hubbell Anesthesiologists, 923 S.W.2d 428, 432 (Mo. App. 1996). A claim of conspiracy alone is not actionable absent an underlying tort or wrongful act. Id.; see Williams v. Mercantile Bank of St. Louis, 845 S.W.2d 78, 85 (Mo. App. 1993).

We note that the Missouri Supreme Court has held "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62, 69 (Mo. 2000) (en banc). An insured cannot recast a contract claim as a conspiracy tort under Missouri law. See Meeker v. Shelter Mutual Ins. Co., 766 S.W.2d 733, 742-43 (Mo. App. 1989). Thus, Wiles's allegations do not present an underlying tort or a wrongful act to support a conspiracy count under Missouri law.

In addition, under Missouri agency law generally, a principal cannot conspire with its own agents. Macke Laundry Serv., Ltd. P'ship v. Jetz Serv. Co., 931 S.W.2d 166, 176 (Mo. App. 1996). Two exceptions exist to the rule when "the agent acts out of a self-interest which goes beyond the agency relationship" or when an "attorney is acting within the scope of the attorney-client relationship, under the general principles of law governing attorney liability" such that "the attorney is guilty of fraud, collusion, or a malicious or tortious act." Id. at 176-77 (internal quotations and citations omitted). In Missouri, "an attorney is usually not liable for an injury to a nonclient arising out of the representation of a client." Id. at 176-77.

Wiles alleged in his petition specifically that Capitol "acted and failed to act by and through its agents and employees acting within the scope and course of their respective employment/agency . . . and on behalf of" Capitol. Wiles failed to allege any acts outside the scope of the normal relationship between attorney and client or between claims representative and client. Nor did he allege any facts supporting a claim for fraud, collusion, or any malicious or tortious act within the scope of the agency relationship. Thus, the exceptions to the rule that a principal cannot conspire with its own agents were not triggered.

Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). Here, no reasonable basis in fact and law is alleged which will support a claim against the non-diverse defendants.

Wiles's argument that the district court lacked subject matter jurisdiction is based upon the premise that the non-diverse parties were wrongfully dismissed from the suit. As we find the dismissal of the non-diverse parties based upon fraudulent joinder was correct, we find no error in the determination that the district court had subject matter jurisdiction.

-4-

Wiles argues the Notice of Removal did not properly invoke removal jurisdiction because it cited 28 U.S.C. § 1446 and not 28 U.S.C. § 1441. While § 1441 sets forth grounds for removal, § 1446 prescribes the procedure for removal. Although Capitol should have cited § 1441 as part of its grounds for removal, its failure to do so did not deprive the court of removal jurisdiction because the § 1441 jurisdictional requirements were nonetheless met.

The district court, after reviewing Wiles's motion and proposed amended complaint, denied Wiles's motion for leave to amend. We review the denial of leave to amend a complaint for an abuse of discretion. Grandson v. Univ. of Minn., 272 F.3d 568, 575 (8th Cir. 2001). Leave to amend should be denied if the proposed amended pleading would be futile. Id. The district court did not abuse its discretion in denying Wiles leave to amend his complaint because the proposed amendment merely restated Wiles's prior conspiracy claim and would fail as a matter of law for the same reasons as the original complaint.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.