# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2358

_____

Mark Filla,                                    *
                                               *
       Plaintiff-Appellee,            *
                                               *
    v.                                        *
                                               *
Norfolk Southern Railway                       *
Company, a Virginia corporation;               *
                                               *
       Defendant-Appellant,           *
                                               *
Skyline Motors, Inc., a Missouri               *   Appeals from the United States
corporation; Richard L. March;                 *   District Court for the Eastern
Darlene March; Patrick                         *   District of Missouri.
Connaughton,                                   *
                                               *
       Defendants.                    *
                                               *
    _____                            *
                                               *
    No. 02-2359                             *
    _____                            *
                                               *
                                               *
Mark Filla,                                    *
                                               *
       Plaintiff-Appellee,            *
                                               *

v.                                     *
                                       *
                                       *
Norfolk Southern Railway               *
Company, a Virginia corporation,       *
                                       *
                                       *
          Defendant,                   *
                                       *
Skyline Motors, Inc., a Missouri       *
corporation,                           *
                                       *
          Defendant-Appellant,         *
                                       *
Richard L. March,                      *
                                       *
          Defendant,                   *
                                       *
Darlene March,                         *
                                       *
          Defendant-Appellant,         *
                                       *
Patrick Connaughton,                   *
                                       *
          Defendant.                   *

                    _____

          Submitted:  December 12, 2002

               Filed:  July 22, 2003
                    _____

Before BOWMAN, RILEY, and SMITH, Circuit Judges.
                    _____

SMITH, Circuit Judge.

Norfolk Railroad, Darlene March, and Skyline Motors, Inc. ("Skyline") appeal the district court's[1] order remanding this case to state court.[2] Petitioners seek a writ of mandamus directing the district court to rescind its remand order. Respondent, Mark Filla, argues that we lack jurisdiction to review the district court's remand order and that even if subject-matter jurisdiction is present, the district court correctly remanded the case to state court. For the reasons stated below, we dismiss.

## I.

### *Procedural Background*

Filla filed an action against the petitioners in Missouri state court seeking damages for injuries received in a collision with a train at a private railroad-track crossing.[3] He later amended his petition adding three individual defendants–Richard March, Darlene March, and Patrick Connaughton–all Missouri citizens.[4] Petitioners removed the action[5] to district court based on the parties' diversity of citizenship.[6] Petitioners noted that Filla is a citizen of Missouri, and that Norfolk is a corporation with Virginia citizenship. Alleging fraudulent joinder, petitioners claimed that Filla

---

[1] The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2] On March 19, 2002, Darlene March and Skyline filed a notice of appeal with this court. Norfolk's notice of appeal was filed on April 18, 2002. These separate appeals were consolidated on May 29, 2002.

[3] The initial action was filed on August 21, 2001.

[4] Filla's amended petition was filed on September 12, 2001. On February 26, 2002, Filla, at the request of the district court, dismissed Richard March, a deceased defendant.

[5] The case was removed on October 11, 2001.

[6] *See* 28 U.S.C. §§ 1441, 1332.

joined the additional Missouri defendants merely to defeat federal diversity jurisdiction.

On November 9, 2002, Filla filed a motion to remand to state court. He contended that viable actions existed under Missouri law against Skyline and Darlene March as alleged owners of property adjacent to the private railroad crossing. He also asserted that he had a legitimate complaint against Connaughton, the owner of a near-by "paintball" business.[7] According to Filla's theory, Connaughton was partially liable for the injuries Filla sustained because Connaughton failed to warn approaching business invitees of the alleged dangerous conditions near the railroad crossing. On March 19, 2002, the district court remanded the case to state court. In its evaluation of the petitioners' fraudulent joinder allegation, the court agreed that Filla's claim against Connaughton had no reasonable basis under Missouri law. However, with respect to Darlene March and Skyline, the district court concluded:

> This Court, and apparently the parties, have been unable to locate any case determining whether there is a cause of action against an owner of property for failure to maintain that property when the road in question was private and the setting was rural. It is not for this Court to speculate how the Missouri courts would decide such an issue. The burden is upon the removing party to demonstrate that the facts pled by Plaintiff cannot possibly create liability to March or Skyline. Norfolk has not met this burden. The Court finds that Skyline and March were not fraudulently joined to defeat diversity.

This appeal asserts that the existence of diversity jurisdiction should have prevented the district court from remanding the remaining state-court claims. Specifically, petitioners argue that the district court failed to reach the question of its own jurisdiction and in so doing failed to perform one of its essential functions.

---

[7] "Paintball" typically refers to a game of simulated combat played in a rural setting where the combatants fire paint-filled balls at each other.

## II.

### *Discussion*

As an initial matter, we must determine whether we have jurisdiction to review the district court's remand order. Congress has limited our power to review district-court remand orders. 28 U.S.C. § 1447(d); *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Our ability to review the order depends on the district court's basis for remand. A remand order based upon lack of subject-matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447(d). The language of section 1447(c) mandates a remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent.[8] *In re Atlas Van Lines, Inc. v. Popular Bluff Transfer Co.*, 209 F.3d 1064, 1066–77 (8th Cir. 2000); 28 U.S.C. § 1447(c). If a district court's order is based upon a lack of subject-matter jurisdiction, the order–whether erroneous or not and whether review is sought by appeal or by extraordinary writ–must stand. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598 (8th Cir. 2002); 28 U.S.C. § 1447(d).

Here, the district court did not explicitly cite 28 U.S.C. § 1447(c)–lack of subject-matter jurisdiction–as its basis for remand. However, such a statement by the

---

[8] 28 U.S.C. § 1447(c) reads in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . The State court may thereupon proceed with such case.

district court is not required. *See Lindsey*, 306 F.3d at 598. "This court reviews a lower court's reasoning for remand independently and determines from the record the district court's basis for remand." *Id.* We note that on its face petitioners' removal complaint lacks complete diversity–the basis for federal subject-matter jurisdiction. When, as here, the respondent has joined a non-diverse party as a defendant in its state case, the petitioner may avoid remand–in the absence of a substantial-federal question–only by demonstrating that the non-diverse party was fraudulently joined. *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Therefore, the petitioners were required to show fraudulent joinder to eliminate the non-diverse parties.

While fraudulent joinder–the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal–is rather easily defined, it is much more difficultly applied. As the Fifth Circuit recently noted, "Neither our circuit nor other circuits have been clear in describing the fraudulent joinder standard."[9] Within our own circuit the fraudulent-joinder standard has been stated in varying ways. In *Wiles*, we looked for a "reasonable basis in fact and law" in the claim alleged. 280 F.3d at 871. In *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983), we articulated something close to a dismissal standard, approving a removal to federal court, if "on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." As might be expected, our district courts have used standards that run the gamut–from requiring plaintiff to actually

---

[9] See *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) for an in-depth discussion of the various mutations of the fraudulent-joinder standard throughout the circuits. Relevant treatises have not been entirely consistent either. *Moore's Federal Practice* states: "To establish fraudulent joinder, a party must demonstrate . . . the absence of *any possibility* that the opposing party has stated a claim under state law." 16 James Wm. Moore et al.,*Moore's Federal Practice*, ¶ 107.14[2][c] [iv][A] (3d ed. 2000)(emphasis added). It then comments: "[T]he ultimate question is whether there is arguably a *reasonable basis* for predicting that state law might impose liability on the facts involved." *Id.*

state a cause of action, to a more lenient threshold requiring a removing party to show that there is *no possibility* that the plaintiff will be able to state a cause of action against the resident defendant. *E.g.*, *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187–88 (E.D. Mo. 1995); *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 92 (E.D. Mo. 1995).

The district court's remand order in this case contains similarly confusing language. At one point the district court concludes that Filla's claim against Connaughton has "*no reasonable basis*" under Missouri law. Later in the order the court states that the "burden is upon the removing party to demonstrate that the facts pled by Plaintiff "*cannot possibly create liability*." (Emphasis added.)

We believe that, despite the semantical differences, there is a common thread in the legal fabric guiding fraudulent-joinder review. It is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable"[10] cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder. *See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.*, 92 F.Supp.2d 891, 903 (N.D. Iowa 2000). As we recently stated in *Wiles*, ". . . joinder is fraudulent when there

---

[10] The "colorable" euphemism has been used by both the Fifth and Sixth Circuits to describe an alleged cause of action that is reasonable, but speculative. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 180 (5th Cir. 2000).

exists no reasonable basis in fact and law supporting a claim against the resident defendants." 280 F.3d at 871. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Petitioners argue that the district court never actually reached the question of its own jurisdiction because it declined to rule on the key underlying issue supporting the claim of fraudulent joinder–whether Missouri law would impose a duty upon rural-land owners adjacent to a private road and private-railroad crossing to modify the contours of their land or remove vegetation from their land or the railroad's right-of-way. A determination of the current status of the state law, according to petitioners, is an essential court function, and a court cannot simply decide that it will refrain from deciding or interpreting the state's law. *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296 (1989)

Petitioners' argument is supported by an *Erie* foundation. However, as noted by the Fifth Circuit, fraudulent joinder "is an *Erie* problem in part, but only part." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 285–286 (5th Cir. 2000). Unlike most diversity cases (where a federal court is required to ascertain and apply state law no matter how onerous the task), here, the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. *See*, *e.g.*, *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999). However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law.

Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder setting. As we discussed in *Iowa Public Service Co.*, in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." 556 F.2d at 406. Here, the district court–by remanding the case to the state court–did all that was required of it.

We agree that under Missouri law a reasonable basis exists for predicting that liability might be imposed upon petitioners, and the ultimate success–or failure–of Filla's claims is best left to the Missouri courts. By ordering remand of the case to Missouri state court, the district court inevitably *did* reach the question of its own jurisdiction. The fact that § 1447 or "subject-matter jurisdiction" was not mentioned by the district court in its remand order is not determinative.

As it stands, the state defendants' presence destroys complete diversity. Consequently, the district court lacked subject-matter jurisdiction to consider the claim, and remand to the state court was proper. Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction. For the foregoing reasons, the appeal is dismissed.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.