324 F.Supp.2d 1028 (2004)
Cynthia HILL, Plaintiff,
v.
FORD MOTOR COMPANY, et al., Defendants.
No. 4:03CV1857SNL.
United States District Court, E.D. Missouri, Eastern Division.
March 4, 2004.
*1029 *1030 D. Eric Sowers, Ferne P. Wolf, Sowers and Wolf, LLC, St. Louis, MO, for Plaintiff.
Charlie J. Harris, Jr., Kathleen M. Nemechek, Stacey R. Gilman, W. Perry Brandt, Berkowitz and Stanton, LLP, Kansas City, MO, for Defendants.

MEMORANDUM
LIMBAUGH, Senior District Judge.
Plaintiff originally filed this Missouri Human Rights Act (MHRA) employment discrimination case in the St. Louis County Circuit Court. In her state complaint, she named as defendants: Ford Motor Company, Ken Hume, and Paul Edds. On or about December 26, 2003 defendant Ford Motor Co. (hereinafter referred to as Ford Motor) removed this case to federal court asserting that two (2) of the three (3) named defendants (Hume and Edds) were non-diverse defendants, and that plaintiff had fraudulently joined them in order to destroy diversity. This matter is before the Court on the plaintiff's motion to remand (# 8), filed January 26, 2004. Responsive pleadings have been filed.
Plaintiff filed this cause of action in state court alleging that she was subjected to sexual harassment and discrimination in *1031 connection with her employment at Ford Motor. She brought her lawsuit solely under the MHRA, § 213.010 et seq. and against Ford Motor, and two individuals, Ken Hume and Paul Edds. As stated before, defendant Ford Motor removed this case from state court asserting that plaintiff had fraudulently joined the two individual resident defendants in order to defeat federal diversity jurisdiction. Defendant Ford Motor contends that plaintiff cannot pursue a MHRA claim against Hume and Edds because they cannot be held individually liable under the MHRA.
A civil action brought in state court may be removed to federal court where the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction in those cases wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and, the citizenship of each plaintiff is diverse from the citizenship of each defendant ("complete diversity"). 28 U.S.C. § 1332; 28 U.S.C. § 1441(b). Thus, if complete diversity exists, a cause of action is removable.
A plaintiff cannot defeat diversity jurisdiction by collusive or fraudulent joinder of a resident defendant. Anderson v. Home Ins., 724 F.2d 82, 83-4 (8th Cir.1983); Commercial Savings Bank v. Commercial Federal Bank, et al., 939 F.Supp. 674, 680 (N.D.Iowa 1996). The party asserting fraudulent joinder has the burden of proving the alleged fraud. Filla v. Norfolk Southern Railway Co., et al., 336 F.3d 806, 809 (8th Cir.2003); Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir.2002). After acknowledging the "semantic confusion" among the district courts in this circuit, the Eighth Circuit has formulated the applicable standard for deducing whether joinder is fraudulent. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla, at 810. "`[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" Filla, at 810 quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977). "However, if there is a `colorable' cause of action  that is, if the state law might impose liability on the resident defendant under the facts alleged  then there is no fraudulent joinder." Filla, at 810. The Eighth Circuit believed that it was paramount that any review of the issue of fraudulent joinder focus on the concept of "reason"  that if a reasonable basis in fact and law supporting the claim existed, the joinder was not fraudulent. Filla, at 810.
Furthermore, the Eighth Circuit opined that "[t]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id., at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id., at 811. Mindful that the district could is only to make a "prediction", the Filla Court went on to state that "in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law." The district court is directed to "simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." Id., at 811. Finally, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, `the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to *1032 remand the case and leave the question for the state courts to decide.'" Id., at 811 quoting Iowa Public Service Co., at 406.
Defendant Ford Motor contends that it is clear under Missouri law that the complaint does not state a cause of action against defendants Hume and Edds, that their joinder is fraudulent, and that federal jurisdiction should be retained. In support of this position, it offers the opinion of Lenhardt v. Basic Institute of Technology, 55 F.3d 377 (8th Cir.1995) as the definitive opinion on the issue of individual liability under the MHRA. In its opinion, the Lenhardt Court predicted that after looking at analogous federal civil rights statutes (such as Title VII), the Missouri Supreme Court "would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability." Lenhardt, at 381. Ford Motor argues that this Court, in the absence of any state court decision to the contrary, must follow the holding of Lenhardt and its progeny.
This Court admits that in the past it has followed blindly the holding of Lenhardt and dismissed MHRA claims against individual defendants.[1] However, like most things, the law is not a constant and is always changing and evolving. Almost ten (10) years ago, the Eight Circuit predicted what it believed the Missouri Supreme Court would do when confronted with the issue presently before this Court. It found that the definitions of "employer" under the MHRA and Title VII, although not identical, were analogous. Lenhardt, at 380. It further found that the Missouri Supreme Court would follow the decisions of most other federal courts and hold that the MHRA does not subject employees, including supervisors and managers, to individual liability. Id., at 380.
With all due respect to the Eighth Circuit, the Missouri Supreme Court does not blindly follow the "predictions" of the federal courts. While it is true that the MHRA mirrors Title VII in some respects (and perhaps the other federal employment discrimination statutes as well), the Missouri Supreme Court has found significant differences. For example, the Missouri Supreme Court rejected the Eighth Circuit's conclusion that the scope of Title VII and the MHRA as to discriminatory retaliation, are identical. In Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 624-25 (Mo.1995), the Missouri Supreme Court held that retaliation under the MHRA had to be given a "broader meaning", because unlike Title VII, it did not limit itself to the employer-employee relationship. The Court reversed the trial court having found that the trial court "erroneously imposes federal interpretations of 42 U.S.C. § 2000e-3(a) on section 213.070." Keeney, at 625.[2] Recent federal court decisions regarding interpretation and application of the MHRA have cast doubt on the continuing viability of Lenhardt. In Vacca v. Mallinckrodt, Inc. and Roy Klostermann, Cause No. 4:96CV888MLM, (Medler, Mag.J., 1-15-97), United States Magistrate Judge Mary Ann L. Medler applied the principles set forth in Keeney, supra. to find that plaintiff could pursue a claim of "aiding and abetting a discriminatory act" under the MHRA (§ 213.070) against an individual defendant who was her supervisor.[3] In Fortner v. City of Archie, Missouri, et al., 70 F.Supp.2d. 1028 (W.D.Mo.1999), Judge Scott O. Wright reluctantly *1033 dismissed the plaintiff's MHRA claim against six individual defendants based on Lenhardt. After reviewing the Lenhardt decision, finding that in his case the individual defendants were all represented by the same counsel for the City of Archie, and further finding that any judgment rendered against them would be paid from the same source, Judge Wright opined that "[w]hile the opinion of the Eighth Circuit [referring to Lenhardt] appears to be in direct contradiction with the plain language of the MHRA, the ultimate result would be the same." Fortner, at 1031. In Shortey v. U.S. Bank, N.A. and Victoria Ann Gabbert, Cause No. 03-530-CV-W-SWH (Mag.J., Hays), United States Magistrate Judge Sarah W. Hays distinguished Lenhardt questioning its continued application in matters concerning individual liability under the MHRA. Relying upon the principles of interpretation and application set forth in Keeney, supra. and in light of a recent Eighth Circuit FELA decision, Darby v. Bratch, 287 F.3d 673, 681 (8th Cir.2002), Magistrate Judge Hays concluded that there was a reasonable basis for predicting that the MHRA might impose individual liability against a management employee.[4] In Darby, supra., the Eighth Circuit held that the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. imposes individual liability on supervisors. Darby, at 681. The FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The Darby Court held that the plain language of the statute decided the issue of individual liability. Darby, at 681. "If an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity." Darby, at 681.
The Court concurs with the analysis set forth by Magistrate Judge Hays. Since the definition of "employer" in the FMLA is more closely akin to the definition of "employer" in the MHRA[5] than the definition of "employer" under Title VII[6], it stands to reason that the Eighth Circuit may also be questioning the continuing viability of Lenhardt. If, as in Lenhardt, the Missouri Supreme Court would construe the definition of "employer" under the MHRA to extend to individual supervisory employees consistent with analogous federal decisions, it is reasonable to "predict" that the Missouri Supreme Court would follow Darby.
Finally, although the Missouri Supreme Court has yet to address the issue of individual liability under the MHRA, a state court has done so. Just recently, the Circuit Court for the County of St. Louis (the state court from which the present case was removed) rejected the Lenhardt analysis and holding, and instead, ruled that individual liability under the MHRA does exist. In Amanda Klein and Nicole Jones v. Partners Financial Services and William McNabb, Cause No. 03CC-004871, Division 13, defendants presented the state *1034 court with the same arguments for rejecting individual liability under the MHRA (as presented by defendant Ford Motor). Upon consideration of same, Chief Judge Barbara Wallace denied the defendants' motion to dismiss.[7]
Under the present circumstances, this Court believes that a reasonable basis for predicting that the Missouri Supreme Court might impose liability under the MHRA against individual defendants Hume and Edds exists. At least one state court has held that individuals can be held liable under the MHRA, and a recent Eighth Circuit case has held that under the FMLA, which defines "employer" in the almost same manner as does the MHRA, individuals can be held liable for discriminatory acts. This Court chooses not to definitively settle the ambiguous question of individual liability under the MHRA but rather chooses the "better practice" of remanding this case and leaving the question for the state courts to decide.
Defendant Ford Motor also, among other things, contends that individual liability cannot attach under the MHRA because plaintiff did not exhaust her administrative remedies as to defendants Hume and Edds. Defendant argues that since Hill did not specifically name them as respondents in her administrative charge, she cannot now pursue her MHRA claim against them in court. The fact that she did not specifically name them is not fatal to a prospective MHRA claim as defendant contends. In order to initiate a MHRA claim in court, a plaintiff must first timely file an administrative complaint against the alleged discriminating party with the Missouri Human Rights Commission (MHRC). See, Stuart v. General Motors, 217 F.3d 621, 630-31 (8th Cir.2000). The courts have recognized several exceptions to this general rule that a defendant must first be named in the administrative charge. See, Burrell v. Truman Medical Center, Inc., 721 F.Supp. 230, 233-34 (W.D.Mo.1989). Two exceptions recognized by the courts are the "identity of interests" and the "actual notice" exceptions. Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir.1985); Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir.1985); Burrell, at 233-34. These exceptions are similar: an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance. Greenwood, supra.; Sedlacek, supra.; Burrell, supra. It is not for this Court to decide, in connection with a motion to remand, whether either one of the unnamed individual defendants had actual notice of the administrative charge and an opportunity to participate in the MHRC proceedings. This is a question better suited for review by a Missouri court in connection with a summary judgment motion and a complete evidentiary record.
Defendant Ford Motor also contends that plaintiff's motion to remand should be denied because she has failed to specify a specific amount of damages in violation of Rule 55.05 of the Missouri Rules of Civil Procedure. Defendant further avers that the damages in the case will meet or surpass the federal jurisdictional amount of $75,000.00. This argument too fails.
Rule 55.05 provides in relevant part:
"If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be *1035 included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."
Furthermore, Rule 55.19 provides in relevant part:
"In actions for such damages [special and punitive damages] based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable."
The prayer in plaintiff Hill's state complaint reads as follows:
"WHEREFORE, plaintiff asks that judgment be granted in her favor and against defendants for backpay, compensatory damages, punitive damages, frontpay, if appropriate, and injunctive relief, requiring defendant to cease its discriminatory and retaliatory practices; and, further, that the Court award plaintiff her attorneys' fees and costs, and such further relief as the Court deems appropriate."[8]
Contrary to the defendant's assertion, Missouri law precludes the plaintiff from pleading a specific amount in this cause of action. Therefore, her "blatant disregard" of pleading a specified amount is not grounds for denying her motion.[9]
Generally, the party asserting federal jurisdiction has the burden of establishing federal jurisdiction; including the requisite federal jurisdictional amount-in-controversy. McClure v. The Raymond Corp., 174 F.Supp.2d. 982, 984 (E.D.Mo.2001) citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993) (citations omitted). What the standard of proof for meeting this burden is a matter of differing opinions in this circuit, especially in removal cases wherein the state complaint fails to specify the amount of damages sought or only contains a claim for more than a specified amount (but less than the requisite federal jurisdictional amount). Commercial Coverage, Inc. v. Paradigm Insurance Co., 998 F.Supp. 1088, 1090 (E.D.Mo.1998). Some courts have found that where no amount of damages is pled in the state court complaint, the appropriate burden of proof regarding the amount in controversy for a defendant opposing a motion to remand is "preponderance of the evidence". Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d. 943 (D.Minn.1999); Halsne v. Liberty Mutual Group, 40 F.Supp.2d. 1087 (N.D.Iowa 1999); Gilmer v. Walt Disney Co., 915 F.Supp. 1001 (W.D.Ark.1996); McCorkindale v. American Home Assurance Co., 909 F.Supp. 646 (N.D.Iowa 1995).[10] Other courts have preferred, in like situations, to require a defendant to show to a "legal certainty" that the amount in controversy requirement is met. City of University City, Missouri, et al. v. A.T. & T. Wireless Services, Inc., et al., 229 F.Supp.2d. 927 (E.D.Mo.2002); Rodery, et al. v. Hardee's Food Systems, Inc., 995 *1036 F.Supp. 999 (E.D.Mo.1998); see also, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Still other courts have avoided the dilemma by finding that under either standard, a defendant has failed to meet its burden. McClure, at 985, n. 1; Sutter v. Aventis CropScience USA Holding, 145 F.Supp.2d. 1050, 1053 (S.D.Iowa 2001). Finally, the Eighth Circuit has not yet addressed the appropriate burden of proof to be placed on a defendant in a removal action wherein damages have not been specified. City of University City, at 932; McClure, at 985, n. 1; Commercial Coverage, at 1091.
Defendant offers nothing to this Court other than its unsupported allegation that since the MHRA does not place a limit on the amount of recoverable compensatory and punitive damages and fees; and, "given the seriousness of Plaintiff's allegations and the nature of the relief sought (including, among other things damages for emotional distress, lost wages, front pay, back pay, and lost employment benefits)", the Court should presumably assume that the amount in controversy exceeds the jurisdictional minimum. Having the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court). Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof under both the "preponderance of evidence standard" and the "legal certainty" standard.[11] Both standards require some specific facts or evidence demonstrating that the jurisdictional amount has been met and defendant has failed to provide such facts or evidence. It is this Court's considered opinion that defendant Ford has failed to prove the requisite federal jurisdictional amount by a preponderance of the evidence and that this Court cannot with legal certainty state that the plaintiff's complaint states a claim for the requisite federal jurisdictional amount.
Any doubts regarding the validity of removal jurisdiction should be resolved in favor of state court jurisdiction and remand; therefore, the Court will grant the motion to remand.
NOTES
[1] Hill v. St. Louis University, 920 F.Supp. 124 (E.D.Mo.1996); Griswold v. New Madrid Group Practice, 920 F.Supp. 1046 (E.D.Mo.1996).
[2] Interestingly, the Keeney decision was rendered after Lenhardt.
[3] A copy of this opinion is attached to the plaintiff's motion to remand.
[4] A copy of Debbie Shortey v. U.S. Bank, N.A. and Victoria Ann Gabbert, Cause No. 03-0530-CV-W-SWH is attached to the plaintiff's motion to remand.
[5] "Employer" includes the state, or any political subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include corporations and associations owned and operated by religious or sectarian groups. § 213.010(7) R.S.Mo.
[6] Employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person ...". 42 U.S.C. § 2000e(b).
[7] The defendants' motion to dismiss and Chief Judge Wallace's decision are attached to the plaintiff's reply brief.
[8] Although no amount is specified in the prayer, ¶ 5 of the Hill's complaint states "[T]he amount in dispute or controversy exceeds the sum of $25,000.00."
[9] Furthermore, the Court disagrees that the "[P]laintiff's attempt to hide behind her deficiently-pled Petition further evidences her true motive in this case; i.e. to improperly strip this Court of jurisdiction." Defendant's Response, pg. 9. Not only has the plaintiff properly pled the relief she seeks, but unlike the defendant, this Court cannot ascertain the plaintiff's "true motive" based solely on the face of her complaint.
[10] Although this Court in a prior decision, Commercial Coverage, supra. concurred with the reasoning of those courts favoring application of the "preponderance of the evidence" standard in removal actions wherein the state complaint fails to specify the damages sought, the Court opined that "the affirmative adoption of one standard over another is not necessary in this case." Commercial Coverage, at 1091.
[11] The "preponderance of the evidence" standard requires a defendant to demonstrate "by sufficient proof that a plaintiff's verdict reasonably may exceed" the jurisdictional amount. City of University City, at 932 citing Gilmer, at 1007. The "legal certainty" standard requires a defendant to demonstrate that it is more than a likelihood that the plaintiff will recover more than the jurisdictional amount; i.e. the defendant must demonstrate that "any amount less than the jurisdictional threshold is outside the range of possible awards." City of University City, at 931 citing Wright, Miller & Cooper, Federal Practice and Procedure, § 3702 (2nd.Ed.1987)(citing cases defining and applying the legal certainty standard).