**Justin DOWIE, Plaintiff,**

v.

**Bernadette OSBURN, Terry Osburn, and Opinion Corp., d/b/a Pissed Consumer.com, Defendants.**

**No. 4:11–cv–442.**

United States District Court,
S.D. Iowa,
Central Division.

Sept. 27, 2011.

Gary W. Kendell, Kendell Law Firm, P.L.C., Des Moines, IA, for Plaintiff.

William J. Miller, Dorsey & Whitney LLP, Gary G. Mattson, LaMarca & Landry PC, Des Moines, IA, for Defendants.

## PRE–SCREENING ORDER

ROBERT W. PRATT, Chief Judge.

■ The Court has before it an Amended Notice of Removal, filed by Defendants Bernadette Osburn and Terry Osburn in the above-captioned action on September 23, 2011. Clerk's No. 2. This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in every case. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir.1990); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987). Defendants assert that removal is proper because the Court has jurisdiction over this case under 28 U.S.C. § 1332 (providing diversity jurisdiction when an action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest).

In the Amended Notice of Removal, Defendants contend that "[o]n information and belief, Plaintiff is a citizen of the state of Iowa," that "Defendants Bernadette Osburn and Terry Osburn, since on or about August 12, 2011, have been citizens of the state of Minnesota," and that "Defendant Opinion Corp., d/b/a/ Pissed Consumer.com, is a New York domestic business corporation with its headquarters in Brooklyn, New York ... [t]hus, on information and belief, Defendant Opinion Corp. d/b/a Pissed Consumer.com is a citizen of the state of New York." Am. Notice of Removal ¶¶ 4–7. Defendants further allege that, based on Plaintiff's Amended and Substituted First Affidavit filed with his State Court Petition, "it is assumed

that Plaintiff Justin Dowie claims damages in an amount greater than $75,000.00." *Id.* ¶ 7.

■ As Defendants recognize in their Amended Notice of Removal, a corporation may be considered a citizen of two different states: the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Capitol Indem. Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 835 (8th Cir.2004). An averment of where a corporation has its "headquarters" is not sufficient to establish the corporation's "principal place of business." *See Hertz Corp. v. Friend,* — U.S. —, —–––, 130 S.Ct. 1181, 1183–84, 175 L.Ed.2d 1029 (2010) (stating that "principal place of business" refers to the "nerve center" of a corporation, i.e., the "place where a corporation's officers direct, control, and coordinate the corporation's activities," and recognizing that this will often, though not always, be the location of the company's headquarters). Thus, Defendants' assertion that Opinion Corp. has its "headquarters" in New York is insufficient to establish where Opinion Corp. maintains its principal place of business, despite Defendants' conclusory assertion that Opinion Corp. "is a citizen of the state of New York."

Defendants' Notice of Removal is further deficient to the extent it states that "it is *assumed* that Plaintiff Justin Dowie claims damages in an amount greater than $75,000.00." Am. Notice of Removal ¶ 7 (emphasis added). First, diversity jurisdiction under § 1332 requires that the amount in controversy "exceed[ ] the sum or value of $75,000, *exclusive of interest and costs* ...." (emphasis added). Accordingly, Defendants' allegation that the amount in controversy is "greater than $75,000.00" is insufficient to meet the requirement of Federal Rule of Civil Proce-

dure 8 that a pleading shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a). Second, as the party asserting federal jurisdiction, Defendants carry the burden of establishing the existence of such jurisdiction. *See Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir.1990) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "Where, as here, the complaint alleges no specific amount of damages ..., the removing party ... must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co.,* 346 F.3d 830, 834 (8th Cir.2003). Accordingly, Defendants' "assumption" as to Plaintiff's claimed damages provides an insufficient basis for the Court to determine the appropriateness of jurisdiction. *See* LR 81(f) ("When a civil case is removed to this court from a state court based on diversity of citizenship under 28 U.S.C. § 1332, if the petition filed in state court does not, on its face, indicate ... the required amount in controversy, the removing party also must include in the notice of removal a statement of the facts that demonstrate satisfaction of [this] jurisdictional requirement[.]"); *see also Hill v. Ford Motor Co.,* 324 F.Supp.2d 1028, 1036 (E.D.Mo.2004) ("Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof.... [A removing defendant must provide] some specific facts or evidence demonstrating that the jurisdiction amount has been met[.]").

Finally, the Court is troubled by the fact that Terry Osburn appears to have had the same citizenship as Plaintiff at the time Plaintiff filed his original Petition. The Plaintiff's original state court Petition was filed in the Iowa District Court in and for Dallas County, Iowa on August 8, 2011.

*See* Pet. (Clerk's No. 1–1). On that date, Terry Osburn appears to have been, like Plaintiff, a citizen of the State of Iowa. *See id.* ¶ 2 (contending that Terry Osburn is a "resident of West Des Moines, Dallas County, Iowa").[1] Plaintiff filed an Amended Petition on August 24, 2011. *See* Am. Pet. (Clerk's No. 1–1). The Amended Petition is virtually identical to the original Petition, save for the fact that it adds Bernadette Osburn as a Defendant.[2] *Compare* Pet. *and* Am. Pet. Between the dates of the Petition and the Amended Petition, Bernadette Osburn and Terry Osburn apparently moved to Minnesota. Am. Notice of Removal ¶ 6 ("Defendants Bernadette Osburn and Terry Osburn, since on or about August 12, 2011, have been citizens of the State of Minnesota.").

It is a well-established rule that "diversity of citizenship is assessed at the time the action is filed." *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 568, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (stating that "the jurisdiction of the court depends upon the state of things at the time of the action brought" and answering in the negative "the question whether a party's post-filing change in citizenship can cure a lack of subject-matter jurisdiction that existed at the time of filing" (internal quotations omitted)); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364, (1998) (stating that "a federal court will keep a removed case" after "the change in citizenship of a party"). Given that the Amended Petition did not add or change any of the claims asserted against Terry Osburn,[3] it arguably "relates back" to the original Petition under Federal Rule of Civil Procedure 15(c)(2), such that the operative date for determining Terry Osburn's citizenship is August 8, 2011,[4] the date the original Petition was filed. In that event, removal would be improper because Plaintiff and Terry Osburn shared the same state of citizenship.

For these reasons, it is hereby ordered that Defendants shall, on or before October 7, 2011, amend the Notice of Removal to fully address the deficiencies and concerns raised in this Order.

IT IS SO ORDERED.

---

1. The original Petition did not name Bernadette Osburn as a Defendant.

2. It appears that at least one page of the Amended Petition was inadvertently omitted. *See* Am. Pet. (from ¶ 38 to the end).

3. Rather, it merely added Bernadette Osburn as a Defendant on precisely the same claims asserted against Terry Osburn in the original Petition.

4. The Court does not concern itself with the operative date of Bernadette Osburn's citizenship status, given that it only takes one Defendant having citizenship in common with Plaintiff to destroy diversity.